Jerome WILLIAMS, Appellant,

v.

**COMMISSIONER OF SOCIAL SECURITY.**

No. 04–2814.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Feb. 14, 2005.

Decided Feb. 16, 2005.

---

Abraham S. Alter, Langton & Alter, Rahway, NJ, for Appellant.

Anthony J. Labruna, Jr., Office of United States Attorney, Newark, NJ, for Appellee.

Before SLOVITER, AMBRO and ALDISERT, Circuit Judges.

## OPINION

SLOVITER, Circuit Judge.

Jerome Williams appeals from the adverse decision of the District Court affirming the denial of his application for Social Security Income ("SSI") benefits. He argues that the decision of the Administrative Law Judge ("ALJ"), which was affirmed by the District Court, failed to follow our decisions and was not supported by substantial evidence. We disagree and will affirm. Because the parties are familiar with the relevant facts, we need only discuss them summarily.

### I.

Williams, who claims disability based on asthma, was 45 years old at the time of his claim. He testified that as a result of his asthma he was unable to do any of the light duty jobs that he was assigned while he was in prison. Allegedly, he could not sweep because of the dust, he could not clean because of the chemicals that were used, and he was not able to deliver envelopes because of the exertion needed to move around. (Tr. 36–38). According to his SSI application, he last worked in 1976 (Tr. 70) and has not worked since his release from prison in August 1998. (Tr. 24–25).

Williams filed for Social Security benefits on September 3, 1998, alleging a disability that began on August 31, 1998. A Department of Labor physician who examined Williams on November 16, 1998, found that his chest was clear and he had no wheezing after he received a bronchodilator. He concluded that Williams suffered from asthma of a reversible moderate to severe obstructive airway disease requiring him to make four to five emer-

gency room visits per year. The physician also noted that Williams' condition could be better managed with medication on a consistent basis. (Tr. 88–90). At the time, Williams used a Ventolin inhaler daily, took 2mg of Ventolin pills twice a day and was required to use a Becovent Steriod Inhaler as needed for asthmatic attacks. (Tr. 85).

The results of a Residual Physical Functional Capacity Assessment performed on November 25, 1998 indicated that Williams was able to work, but should avoid concentrated exposure to extreme cold and heat, wetness, humidity and fumes, dusts and gases. (Tr. 102). Nonetheless, the assessment reflected at least some ability to work as moderate environmental conditions of the above factors were acceptable. (Tr. 98–105). Williams submitted no additional evidence or medical findings and his initial application and request for reconsideration were denied. (Tr. 60–62).

At the hearing before an ALJ, Williams' attorney conceded that his asthma was not of an impairment level within the Regulatory Listings, but argued that it was severe enough that Williams would not be able to do a full range of any type of work because of the additional impact of environmental restrictions. (Tr. 18–21). Although Williams testified about other pulmonary function tests and treatment in prison, he did not submit records of such treatments even after receiving the extension requested by his attorney.

The ALJ found that Williams had asthma, but that his impairment or combination of impairments did not meet the level listed in 20 C.F.R. pt. 404, subpt. P, app. 1 and was not severe enough to preclude all work activity. Furthermore, Williams' alleged functional limitations were not substantiated by any evidence or medical findings. (Tr. 13). The Appeals Council denied review. The District Court af-

firmed and Williams has filed a timely appeal.

## II.

This court may review the factual findings of the ALJ's decision only to determine if there was substantial evidence in support. 42 U.S.C. § 405(g); *Knepp v. Apfel,* 204 F.3d 78, 83 (3d Cir.2000) (citing *Plummer v. Apfel,* 186 F.3d 422, 427 (3d Cir.1999)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988) (citations omitted). If we determine that the Commissioner's findings of fact are supported by substantial evidence, they are binding. *Knepp,* 204 F.3d at 83.

■ In his brief, Williams argues primarily that the ALJ failed to comply with this court's opinion in *Cotter v. Harris,* 642 F.2d 700 (3d Cir.1981), where we held that an ALJ, when determining eligibility for SSI benefits, should comprehensively state the reasons on which its conclusions are based. More recently, we held that the ALJ need not specify each step in his decision, as long as there was "sufficient development of the record and explanation of findings to permit meaningful review." *Jones v. Barnhart,* 364 F.3d 501, 505 (3d Cir.2004). Under the regulations, the ALJ must perform a five-step, sequential evaluation to determine the disability eligibility of a claimant. 20 C.F.R. § 404.1520. Williams argues that the ALJ afforded no explanation for his finding at Step 3, which requires consideration of whether the claimant's impairment meets or equals the requirements of an impairment listed in the regulations. *Id.* Williams had the burden of proof on this issue. *Id.; Plummer,* 186 F.3d at 422.

Under 20 C.F.R. pt. 404, subpt. P, app. 1, "Respiratory disorders along with any

associated impairment(s) must be established by medical evidence." The record reflects, and Williams' attorney concedes, that the restrictions on which Williams' claim is based are caused by his asthma. The Commissioner argues that the ALJ's failure to mention the exact listing should not lead to a remand because it was constructively mentioned and Williams' asthma was the disability at issue. We agree. Further, in all the cases that Williams cites in support of his argument that the ALJ was insufficiently specific, the complainant provided contradictory evidence either with medical findings or witness testimony. As noted above, in this case the only contradictory evidence is the testimony of Williams himself and there is no documented evidence of Williams' emergency room visits or his inability to work while in prison. Thus, based on the evidence presented the ALJ concluded that Williams was not disabled.

Williams also argues that the ALJ did not adequately explain his reasoning at Step 5, where the ALJ concluded, based on the evidence presented, that Williams could perform "work-related activities at the sedentary and light exertional levels." (Tr. 12). At Step Five the Commissioner has the burden to show that the claimant can perform other work that exists in substantial numbers in the national economy. *See* 20 C.F.R. §§ 404.1520(f), 404.1523; *Plummer v. Apfel,* 186 F.3d 422, 428 (3d Cir.1999). Williams challenges the ALJ's conclusions regarding Residual Physical Functional Capacity Assessment.

The Residual Physical Functional Capacity Assessment on which the ALJ ruled was supported by the findings of the physicians referred by the agency. This assessment was supported by the evidence of Dr. Mirti, a state agency consultant who reviewed Williams' claim, that Williams could occasionally lift up to 50 pounds, frequently lift up to 25 pounds, stand and walk about 6 hours, and push and pull to an unlimited degree (Tr. 99). Dr. Mirti also believed that Williams had to avoid concentrated exposure to environmental conditions, but had no limitations from exposure to moderate environmental conditions and he did not have to avoid all exposure (Tr. 102). Dr. Phillips, another state agency consultant, reviewed the Assessment and agreed. (Tr. 105). These exertional limitations meet the definitional requirements for sedentary and light work. *See* 20 C.F.R. §§ 404.1567(a) and (b). It is significant that Williams did not supply any evidence other than his own testimony to contradict the Department of Labor's medical assessment. We thus conclude that the ALJ's inferences and findings are supported by substantial evidence.

We reject Williams' contention that the ALJ was not in a position to decide the Step 5 issue. After review of the record, we conclude that there was no need for vocational expert testimony. We will therefore affirm the decision of the District Court.