**Evon HUDSON, Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY.**

No. 02–3591.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) March 25, 2004.

Decided April 2, 2004.

Zenford A. Mitchell, Pittsburgh, PA, for Appellant.

Stephen T. Giacchino, Social Security Administration, Philadelphia, PA, for Appellee.

Before ROTH, AMBRO and CHERTOFF, Circuit Judges.

OPINION

CHERTOFF, Circuit Judge.

Evon Hudson appeals from the District Court's judgment affirming the Commis-

sioner of Social Security's denial of her application for supplemental security income benefits (SSI). Hudson's appeal essentially challenges the Administrative Law Judge's (ALJ) determination at step four of the five-step evaluation process promulgated by the Social Security Administration to determine whether an individual is disabled. *See* 20 C.F.R. § 404.1520.[1] At step four, the ALJ concluded that Hudson retained the residual functional capacity to perform "light work," with the additional restrictions that she should not work around heights or hazardous machinery. For the reasons stated below, we will affirm the District Court's judgment.

## I.

Hudson was born on February 17, 1945. She has a tenth grade education and no past relevant work experience. Hudson filed for disability benefits on or about November 13, 1996,[2] alleging disability due to osteoarthritis, hypertension, anxiety and depression. *See* Tr. at 56. Hudson's application for SSI was denied both initially and upon reconsideration. After conducting a hearing, on February 26, 1999, the ALJ rendered a decision concluding that Hudson was not entitled to benefits. On October 21, 2000, the Appeals Council de-

nied Hudson's request to review the ALJ's decision.

Subsequently, Hudson sought judicial review of the adverse decision, pursuant to 42 U.S.C. § 405(g), in the United States District Court for the Western District of Pennsylvania.[3] On July 16, 2002, the Honorable William L. Standish, adopting the Report and Recommendation of Magistrate Judge Francis X. Caiazza, granted the Commissioner's motion for summary judgment and denied Hudson's cross-motion for summary judgment. This appeal followed.

## II.

The District Court exercised jurisdiction pursuant to 42 U.S.C. § 405(g), and appellate jurisdiction is vested in this Court under 28 U.S.C. § 1291. The role of this Court is identical to that of the District Court; we must determine whether there is substantial evidence to support the Commissioner's decision. *Plummer v. Appel*, 186 F.3d 422, 427 (3d Cir.1999). Substantial evidence means " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Jesurum v. Sec'y of the U.S. Dep't of Health & Human Servs.*, 48 F.3d 114, 117 (3d Cir.1995) (quoting *Richardson v. Pe-*

---

1. Hudson contends she is challenging steps four and five of the evaluation process. *See* Appellant Br. at 4–5. However, her challenge seems to focus on the residual functional capacity analysis (step 4), rather than the conclusion that given that capacity there are a significant number of jobs in the national economy that Hudson is capable of performing (including custodial worker, hand packager, or fastfood worker) (step 5). Hudson's brief also includes a broad claim that the "ALJ failed to properly consider whether the Appellant's impairments equals or exceeds [sic] in severity the impairments listed in Appendix 1" (step 3), *see* Appellant Br. at 6, but this argument is never developed.

2. There appears to be some inconsistency in the record with respect to the filing date. The date of initial filing is listed as September 9, 1996, in the ALJ's decision, *see* Administrative Transcript ("Tr.") at 16, and in the Initial Disability Determination by State Agency, *see* Tr. at 35. However, the date used by the District Court and the date that appears to be on the Application for Supplemental Security Income is November 13, 1996. *See* Tr. at 52. For the purposes of this appeal, this date discrepancy is not material.

3. On July 25, 2001, the Appeals Council extended the time within which to commence a civil action through April 16, 2001, the date the civil action was filed. Tr. at 4.

*rales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)). "It is less than a preponderance of the evidence but more than a mere scintilla." *Id.* Overall, the substantial evidence standard is a deferential standard of review. *Schaudeck v. Comm'r of Soc. Sec. Admin.,* 181 F.3d 429, 431 (3d Cir.1999).

The Social Security Administration has promulgated a five-step evaluation process to determine whether an individual is disabled. *See* 20 C.F.R. § 404.1520; *see generally Plummer,* 186 F.3d at 428. In step one, the Commissioner decides whether the claimant is currently engaging in substantial gainful activity. If so, the claimant is not eligible for disability benefits. 20 C.F.R. § 404.1520(a). In step two, the Commissioner determines whether the claimant is suffering from a severe impairment. If the impairment is not "severe," the claimant is not eligible for disability benefits. 20 C.F.R. § 404.1520(c). In step three, the Commissioner evaluates whether the evidence establishes that the claimant suffers from a listed impairment. If so, the claimant is automatically eligible for benefits. If the claimant does not suffer from a listed impairment or its equivalent, however, the Commissioner proceeds to the next step. 20 C.F.R. § 404.1520(d). In step four, the Commissioner examines the claimant's "residual functional capacity," and whether such capacity enables her to perform her past relevant work. If so, the claimant is not eligible for disability benefits. 20 C.F.R. § 404.1520(e). Finally, in step five the Commissioner considers whether work exists in significant numbers in the national economy that the claimant can perform given her medical impairments, age, education, past work experience, and residual functional capacity. If

so, the claimant is not eligible for benefits. 20 C.F.R. § 404.1520(f). In this final step, "the burden of production shifts to the Commissioner, who must demonstrate the claimant is capable of performing other available work in order to deny a claim of disability." *Plummer,* 186 F.3d at 428.

The issues on appeal arise from the ALJ's determination at step four that Hudson had the residual functional capacity to perform light work.

### III.

Hudson essentially re-asserts the same two arguments on appeal that she advanced before the District Court: (1) the ALJ's conclusion that she could perform the full range of light work is not supported by substantial evidence; and (2) the ALJ erred in relying on the reports of non-examining physicians instead of a subsequent report by Dr. Moeller,[4] an examining physician, in assessing her residual functional capacity.

We do not dwell on Hudson's first argument as this broad assertion fails to even identify a specific error by the ALJ. Rather, like the District Court, we are satisfied that the written decision provides sufficient evidence to support the conclusion that Hudson could perform light work, with the additional restrictions of not working around heights or hazardous machinery.

We similarly reject Hudson's second contention that the ALJ erred in relying on the reports of non-examining physicians for substantially the same reasons as outlined by the District Court. While this Court has acknowledged that "greater weight should be given to the findings of a treating physician than to a physician who

4. The ALJ's opinion erroneously refers to him as "Dr. Mueller." This typographical error is immaterial to the outcome of the case.

has examined the claimant as a consultant ... [,] a statement by a plaintiff's treating physician that she is 'disabled' or 'unable to work' is not dispositive." *Adorno v. Shalala*, 40 F.3d 43, 47–48 (3d Cir.1994). Rather, "the ALJ must weigh the relative worth of a treating physician's report against the reports submitted by other physicians who have examined the claimant." *Id.* at 48; *see also Jones v. Sullivan*, 954 F.2d 125, 129 (3d Cir.1991) (concluding ALJ correctly determined opinions of treating physicians were not controlling). "Where ... the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit but cannot reject evidence for no reason or for the wrong reason." *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir.2000) (internal quotations omitted).

In this case, the ALJ considered Dr. Moeller's report but gave limited weight to its conclusions in light of the objective medical evidence, including MRI and x-ray results. Tr. at 19–20.[5] Moreover, the ALJ properly assigned limited weight to the opinions from Dr. Frezzell and Dr. Bazron that Hudson was "permanently disabled," explaining that "[t]hese reports are conclusory statements only and are not supported." Tr. at 20. This Court has explained that "[f]orm reports in which the physician's obligation is only to check a box or fill in a blank are weak evidence at best." *Mason v. Shalala*, 994 F.2d 1058, 1065 (3d Cir.1993).

Thus, the ALJ did not err in assigning limited weight to opinions of Hudson's treating physicians in light of the objective medical evidence. Rather, there is sub-stantial evidence to support the ALJ's conclusion that Hudson is not disabled.

## IV.

For the foregoing reasons, the judgment of the District Court entered on July 17, 2002, will be affirmed.

---

**5.** The ALJ explained: "The undersigned assigns limited weight to these conclusions. In light of the relatively normal findings that the claimant had and the fact that she did not have a meniscal tear in her right knee, the undersigned finds that the restrictions in her ability to stand and walk are excessive in light of the objective medical findings."