

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-19-2004

# Staggers v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4507

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Staggers v. Comm Social Security" (2004). *2004 Decisions.* Paper 488.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/488

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-4507

DAVID STAGGERS,
                            Appellant
v.

JO ANNE B. BARNHART, COMMISSIONER
OF THE SOCIAL SECURITY ADMINISTRATION
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Civ. No. 02-cv-02593 )
District Judge:  Honorable James K. Gardner
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 16, 2004
Before:  SLOVITER, BARRY and WEIS, Circuit Judges.
Filed July 19, 2004
_____

OPINION
_____

WEIS, Circuit Judge.

        Claimant was granted SSI benefits as of March 9, 1999 when he attained

the age of 55 years.  His claim in this case is for past due benefits for Social Security

Disability and/or SSI for the period beginning on December 30, 1993.

1

Claimant was born in 1944 and has a sixth-grade education. He was previously employed as a laborer in the construction industry.

Following the standard pattern of evaluating the claimant's ability to work, the ALJ at the fifth step found that claimant was unable to return to his previous heavy labor employment. After reviewing the exhibits and hearing evidence from a medical expert, as well as a vocational expert, the ALJ determined that claimant could perform such jobs as a light-duty hand packer or packager, a light-duty hand trimmer or cutter, and a general laborer at both the light and sedentary levels. These findings took into account the claimant's need for the option to sit or stand as described by the medical expert.

The decisions of both the ALJ and the magistrate judge detail the claimant's medical history. We need not repeat it here. Essentially, the record established that claimant suffers from hypertension, hypertensive-cardiovascular disease, discogenic disease of the lumbar spine, and very limited vision in the left eye. The medical reports noted that claimant had not been taking the medication prescribed for his hypertension. During the hearing, Dr. Lewis testified that claimant had the ability to perform light work with a sit or stand option.

On appeal to the District Court, the case was assigned to a magistrate judge who prepared a comprehensive report and recommended that summary judgment be granted to the Commissioner. The District Judge adopted the report and entered judgment for the defendant.

2

On appeal to this Court, claimant contends that the ALJ failed to consider the erosion of the occupational base and its significance. Claimant also argues that there was insufficient evidence to support the ALJ's finding that he could perform light and sedentary jobs.

Claimant relies on Boone v. Barnhart, 353 F.3d 203 (3d Cir. 2004), where we remanded for further proceedings. In that case, we said, "we shall not interpret SSR 83-12 to mandate reversal whenever the ALJ does not set out specific findings concerning the erosion of the occupational base if, as here, the ALJ has received the assistance of a vocational expert in considering the more precise question whether there are a significant number of jobs in the economy that the claimant can perform." Id. at 210.

In the case before us, the ALJ had the benefit of vocational expert testimony, particularly with respect to the limitations imposed by the sit or stand option. We conclude that Boone is distinguishable and does not control the outcome here. See also Jones v. Barnhart, 364 F.3d 501, 506 n.6 (3d Cir. 2004).

From our review of the record, we are persuaded that the ALJ did not err in concluding there were a substantial number of light and sedentary jobs in the national economy that claimant can perform.

Accordingly, we will affirm the judgment of the District Court.