

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-4-2005

# Tisoit v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3097

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Tisoit v. Comm Social Security" (2005). *2005 Decisions.* Paper 1395.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1395

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-3097
_____

FRITZ TISOIT,

Appellant

v.

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 03-cv-05024)
District Judge:  Honorable Lowell A. Reed, Jr.
_____

Submitted Under Third Circuit LAR 34.1(a)
April 1, 2005

Before:  ALITO, SMITH and FISHER, *Circuit Judges*.

(Filed: April 4, 2005)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Appellant Fritz Tisoit applied for disability insurance benefits (DIB) under Title II,

and supplemental security income (SSI) under Title XVI, of the Social Security Act, 42

U.S.C. §§ 401-433, 1381-1383f, for a period beginning May 2, 2002, due to his infection with Human Immunodeficiency Virus (HIV) and experience of major depression. The claims were initially denied, and a hearing was then held before an administrative law judge ("ALJ"), who also denied the claims by order dated May 16, 2003. Mr. Tisoit sought review of the ALJ's decision in the United States District Court for the Eastern District of Pennsylvania, and on June 4, 2004, the court granted summary judgment to the Commissioner. Mr. Tisoit appealed. We will affirm.

We review *de novo* the District Court's grant of summary judgment in favor of the Commissioner but may reverse only if the ALJ's findings are not supported by "substantial evidence" in the administrative record. *Boone v. Barnhart*, 353 F.3d 203, 205 (3d Cir. 2004). "Substantial evidence is less than a preponderance but more than a scintilla; it is such relevant evidence as a reasonable mind might accept as adequate." *Id.* (internal citation omitted).

The Commissioner uses a five-step sequential evaluation process set forth at 20 C.F.R. § 404.1520 and § 416.920 to evaluate DIB and SSI claims. Specifically considered is whether claimant (1) is working and doing substantial gainful activity; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can return to past relevant work; and (5) if not, can perform alternate work. *See Rutherford v. Barnhart*, 399 F.3d 546, 551 (3d Cir. 2005). In this case, the ALJ assumed that Mr. Tisoit (who was then working part-time as a kitchen

helper) was not engaged in substantial gainful activity, and further found that his ailments constituted severe impairments, that he was incapable of performing his past relevant work as a cook/kitchen helper and that he had the residual functional capacity (RFC) to perform less than the full range of sedentary work. With the aid of a vocational expert (VE), the ALJ then determined at the fifth step of the evaluation process that a significant number of jobs exist in the national economy which Mr. Tisoit could perform, including surveillance system monitor and order clerk, even with an eroded occupational base for sedentary work. Consequently, Mr. Tisoit was deemed not disabled within the meaning of the Social Security Act.

On appeal, Mr. Tisoit contends that the ALJ erred (1) in failing to apply Social Security Rulings ("SSR") 96-9p and related rulings in SSR 83-12 and 83-14 in assessing his eroded occupational base for sedentary work; (2) in failing to comply with SSR 00-4p which requires an ALJ to affirmatively inquire about "any possible conflict" between the evidence offered by a VE and information provided in the Dictionary of Occupational Titles (DOT), and (3) in giving greater weight in considering Mr. Tisoit's RFC to the findings of a non-examining state agency medical consultant instead of the psychologist who examined him at the Commissioner's request. We address each contention in turn.

As to the first assigned error, we conclude (as did the District Court, *see* A. 3-4), that the ALJ adequately considered the extent of any erosion of Mr. Tisoit's occupational base for sedentary work and its significance. The ALJ consulted with a VE who testified

3

there were a significant number of jobs in the economy that Mr. Tisoit could perform with the limitations recognized by the ALJ and posed to the VE in a hypothetical. While the ALJ does not cite SSR 96-9p, 83-12 or 83-14, it is plain that he followed the letter and spirit of those rulings in consulting with the VE, and that substantial evidence otherwise exists in the record to support the ALJ's decision. We will not reverse simply because an ALJ does not cite the applicable rulings when otherwise satisfied that no error was committed. *See Boone*, 353 F.3d at 210.

As to the second assigned error, we conclude (as did the District Court, *see* A. 2-3), that the real basis for Mr. Tisoit's complaint is not the existence of an inconsistency between the VE's testimony and the DOT such as would trigger SSR 00-4p,[1] but rather that he is incapable of performing the two occupations identified by the VE. Specifically, Mr. Tisoit contends that his actual capability for reasoning and language is less than that conceived by the ALJ and VE, and that this is borne out by the administrative record. In this situation, SSR 00-4p is not triggered, and we too conclude that the dialogue at the hearing as well as the ALJ's decision indicate that Mr. Tisoit's capabilities for reasoning

---

[1]This Court has not held that mere failure to inquire about the possibility of an inconsistency under SSR 00-4p mandates reversal, and we will not do so here because, as the District Court cogently explained, *see* A. 1, n.1, even if there was a conflict, it would be *de minimis* because the occupations identified by the VE are within the range or below the functioning levels of Mr. Tisoit's previous work as a cook and kitchen helper. *See Jones v. Barnhart*, 364 F.3d 501, 506 n.6 (3d Cir. 2004) ("[T]his Court has not adopted a general rule that an unexplained conflict between a VE's testimony and the DOT necessarily requires reversal.") (internal citation omitted).

4

and language were considered in discerning his ability to perform other work, including that identified by the VE. Further, we conclude that the administrative record would support the ALJ's decision not to include a limitation regarding Mr. Tisoit's language capability in the hypothetical posed to the VE.

As to the third assigned error, we conclude (as did the District Court, *see* A. 2) that the ALJ did not fail to consider the findings of Mr. Tisoit's examining psychologist in assessing his RFC, but rather set forth and relied upon many of those findings in posing the hypothetical to the VE. We also conclude that the ALJ adequately explained his assignment of greater weight to the findings of the non-examining medical consultant regarding Mr. Tisoit's mental capacity and that his decision to do so is supported by the administrative record. *See Fargnoli v. Massanari*, 247 F.3d 34, 42 (3d Cir. 2001) (no requirement for ALJ to discuss or refer to every piece of relevant evidence in the record, so long as the reviewing court can discern the basis of decision).

In addition to reviewing Mr. Tisoit's specific assignments of error, we have reviewed the administrative record in its entirety and conclude that the ALJ's decision was based on substantial evidence. Accordingly, we will affirm the decision of the District Court entered June 4, 2004, in favor of the Commissioner.