

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-15-2005

# Donatelli v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2828

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Donatelli v. Comm Social Security" (2005). *2005 Decisions.* Paper 1349.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1349

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-2828
_____

MICHAEL DONATELLI

Petitioner

v.

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(Civil Action No. 04-cv-00120)
District Judge: The Honorable Thomas M. Hardiman
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
February 10, 2005

Before: BARRY, FUENTES, and VAN ANTWERPEN, Circuit Judges.

(Filed April 15, 2005)

_____

OPINION

_____

FUENTES, Circuit Judge:

Appellant Michael Donatelli appeals the order of the District Court, affirming the

decision of the Commissioner of Social Security's ("Commissioner") denial of social security disability benefits. Donatelli challenges the Administrative Law Judge's ("ALJ") determination at step five of the five-step evaluation process promulgated by the Social Security Administration ("SSA") to determine whether an individual is disabled. At step five, the ALJ concluded that Donatelli's impairments did not preclude him from performing work that exists in significant numbers in the national economy. For the reasons stated below, we conclude that the Commissioner's finding is based on substantial evidence, and, therefore, we will affirm.

## I. FACTS & PROCEDURAL HISTORY

Donatelli was born on October 20, 1953, and was 49 years old[1] at the time of the hearing before the ALJ. He has a high school education and prior relevant work experience as a liquor store clerk. This job required him to lift 40-50 pounds, wait on customers at a cash register, and perform janitorial duties, such as running a buffer on the floor. He claims that diabetes, blood pressure, and back pain have rendered him unable to perform substantial gainful work since October 2001 and, accordingly, he is entitled to disability benefits. See 42 U.S.C. § 423. According to his testimony, Donatelli now spends his days playing games on the internet, bathing, and collecting hot wheels cars.

Donatelli filed an application for disability benefits in November 2002. This claim

_____

[1] The applicable regulations define Donatelli as a "younger person." See 20 C.F.R. § 404.1563(c).

2

was denied, after which Donatelli filed a request for a hearing before an ALJ.

An ALJ considered the case de novo. At the hearing, Donatelli was represented by an attorney and presented his own testimony. A vocational expert also testified. The ALJ considered the testimony, along with a variety of medical reports and other evidence. He concluded, among other things, that: (1) Donatelli has not engaged in substantial gainful employment since the alleged onset of the disability; (2) Donatelli's back pain constitutes a "severe impairment" as defined by the SSA; (3) Donatelli's impairments do not present an impairment that meets the relevant "listing" in the applicable regulations; (4) Donatelli's assertions are not entirely credible in light of the medical evidence and his testimony; (5) while Donatelli is unable to perform his past relevant work, he retains the residual functional capacity to perform light work[2] with occasional stooping, kneeling, crawling, climbing and balancing; and, (6) Donatelli's impairments do not prevent him from performing one of a significant number of jobs that exist in the national economy. Consequently, the ALJ concluded that Donatelli was not disabled as defined by the Social Security Act and, hence, is not entitled to benefits. The Appeals Council denied Donatelli's request for review of the ALJ's decision.

---

[2]"Light work" involves mostly walking and standing, frequently lifting and carrying items that weigh up to ten pounds, and occasionally lifting and carrying items that weigh up to twenty pounds. 20 C.F.R. § 404.1567(b). A job is also considered light work if the individual sits most of the day but operates arm or leg controls. Id. The ALJ found that Donatelli is capable of performing a full or wide range of light work, meaning that he can perform substantially all of the activities stated in the applicable regulations. Id.

Donatelli then filed an action in the U.S. District Court for the Western District of Pennsylvania seeking review of the Commissioner's decision. See 42 U.S.C. § 405(g). The District Court affirmed the Commissioner's decision, finding that the Commissioner's determinations were supported by substantial evidence.

We have jurisdiction over this appeal from the final decision of the District Court pursuant to 28 U.S.C. § 1291.

## II. DISCUSSION

*A.      Statutory and Regulatory Framework*

Entitlement to disability benefits requires a showing that the applicant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The applicable statute requires an applicant to furnish, among other things, medical evidence, § 423(d)(5)(A), and to show that the impairment precludes the applicant's ability to work where a significant number of jobs exist in the national economy that the applicant would otherwise be capable of performing, § 423(d)(2)(A). Pursuant to regulations promulgated by the SSA, a five-step evaluation process governs the determination of whether a person meets these criteria and is therefore disabled and entitled to benefits. See 20 C.F.R. § 404.1520; see also Jones v. Barnhart, 364 F.3d 501, 503 (3d Cir. 2004) (explaining the manner in which an ALJ

4

should apply the five-step evaluation process).

In step one of this process, the Commissioner decides whether the claimant is currently engaging in substantial gainful activity. If so, the claimant is not eligible for benefits. § 404.1520(a)(4)(i). In step two, the question is whether the claimant is suffering from a severe impairment. If the Commissioner determines that the impairment is not severe, then the claimant is not eligible for benefits. § 404.1520(a)(4)(ii). At step three, the Commissioner evaluates whether the claimant suffers from a listed impairment. If so, the claimant is automatically eligible for benefits. § 404.1520(a)(4)(iii). If not, the Commissioner moves on to step four. At step four, the Commissioner determines whether the claimant retains the "residual functional capacity"[3] to perform his past relevant work. If he can, then he is not eligible for benefits. § 404.1520(a)(4)(iv). Lastly, in step five, the question is whether jobs exist in sufficient numbers in the national economy that the claimant can perform given the claimant's medical impairments, age, education, past work experience, and residual functional capacity. If these jobs exist, the claimant is not eligible for benefits. § 404.1520(a)(4)(v). At this ultimate step, the burden shifts from the claimant to the Commissioner, whereby the Commissioner must show that the claimant is capable of performing other available work that exists in the national economy. If the Commissioner makes such a showing, the claimant will be

---

[3]"Residual functional capacity" is defined as "the most you can still do despite your limitations." 20 C.F.R. § 404.1545(a)(1).

denied benefits.  Jones, 364 F.3d at 503.

B.      *Standard of Review*

Our review of the Commissioner's application of the five-step evaluation is limited to determining whether the Commissioner's decision is supported by substantial evidence. 42 U.S.C. § 405(g).  We do not undertake a de novo review of the decision, nor do we re-weigh the evidence in the record.  Monsour Med. Ctr. v. Heckler, 806 F.2d 1185, 1190-91 (3d Cir. 1986).  Substantial evidence is evidence that is less than a preponderance, but more than a mere scintilla.  Jones, 364 F.3d at 503.

C.      *Whether the Determination Below is Based on Substantial Evidence*

This appeal arises from the ALJ's determination at step five.  Donatelli argues that the ALJ erred in finding that he could perform work that exists in significant numbers in the national economy, and erred in arriving at an adverse credibility determination with respect to his subjective complaints.

Donatelli argues that his residual functional capacity prevents him from performing any jobs that exist in significant numbers in the national economy.  In essence, he makes two arguments: (1) that the ALJ's finding that Donatelli can perform jobs that exist in the national economy is not based on substantial evidence because he only cited the evidence supporting his determinations while ignoring or incorrectly discrediting other medical evidence; and (2) that the ALJ did not adequately account for Donatelli's subjective symptoms and incorrectly found his testimony to be not fully

6

credible.

The Commissioner argues that the District Court was correct in determining that the ALJ's finding is supported by substantial evidence. Specifically, the Commissioner notes that: (1) the ALJ's determination at step five of the sequential evaluation process was supported by medical evidence and the vocational expert's testimony; and (2) the ALJ's credibility determination is supported by inconsistencies between the treatment Donatelli sought and his characterization of the severity of his condition.

1. *Donatelli's Residual Functional Capacity*[4]

While the ALJ found that Donatelli is unable to perform his past relevant work, he also found that Donatelli retains the residual functional capacity to perform light work with occasional stooping, kneeling, crawling, climbing, and balancing. In arriving at this finding, the ALJ cites doctors' reports, which state that Donatelli's condition has improved, that he suffered only a minimal decrease in strength, and that he could return to light duty. Additionally, a report of Dr. Ramalingam Ravishankar noted that Donatelli stopped using a sequential simulator and had no significant pain in his legs. Donatelli previously used the simulator device to provide relief when he suffered from back pain.

---

[4]Donatelli alleges that he is disabled as a result of diabetes and hypertension, in addition to his back pain. The ALJ found that the diabetes and hypertension are controlled by medication and have not caused organ damage and therefore are not severe. Donatelli does not contest these findings in his appeal. Therefore, we focus only on the ALJ's findings regarding Donatelli's back pain, and express no opinion as to the other conditions.

The ALJ also noted that Dr. Eric Altschuler wrote a report in December 2001. In this report, Dr. Altschuler stated that Donatelli's "strength, sensation and reflexes are normal." Considering these reports, the ALJ determined that the medical evidence does not entirely support Donatelli's allegations and that he retains the residual functional capacity to perform light work with occasional stooping, kneeling, crawling, climbing and balancing.[5] We find that the ALJ's finding is supported by substantial evidence.

2.    *Subjective Symptoms and Credibility*

When addressing the issue of subjective symptoms, the ALJ noted that he considered "all symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence." The ALJ went on to determine that Donatelli's statements concerning his subjective symptoms were not credible. This finding was based on the inconsistency between Donatelli's testimony and various medical reports. See Burns v. Barnhart, 312 F.3d 113, 130-31 (3d

---

[5]Donatelli asserts that the ALJ's failure to cite explicitly to Dr. Arshad Chughtai's report, in which it is noted that Donatelli cannot resume his job as a liquor clerk, that he should not perform any lifting while bending, and that walking aggravates his condition, merits reversal of the denial of benefits. We first note that the ALJ did find that Donatelli cannot return to his past work, in accordance with the first point from Dr. Chughtai's report. As to the lifting and walking limitations, we note that the ALJ provided a reasoned explanation for his RFC determination as discussed above, rejecting such absolute restrictions. To the extent that the ALJ erred in not actually mentioning Dr. Chughtai's report by name, we conclude that it was of little consequence, given the thorough consideration of Donatelli's impairment. See Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 535-36 (6th Cir. 2001).

8

Cir. 2002) (stating that an ALJ may reject testimony of subjective complaints where the testimony is not consistent with medical evidence). Specifically, Donatelli testified that he goes to the grocery store but requires his wife and son to bring the groceries into the house. This testimony contrasts with Dr. Ravishankar's March 14, 2002 report. Dr. Ravishankar reported that Donatelli told him that he goes shopping and brings the groceries in his house without assistance. In fact, Dr. Ravishankar's March 14, 2002 report implies that Donatelli was specifically capable of performing light work. Donatelli argues that the ALJ unduly relied on and misconstrued Dr. Ravishankar's statements. However, the ALJ followed the dictate of current case law by weighing the conflicting evidence that was presented and explaining his rejection of Donatelli's subjective allegations with reference to the reports by multiple doctors. See Sykes v. Apfel, 228 F.3d 259, 266 n.9 (3d Cir. 2000). Additionally, under the substantial evidence standard, the question is not whether we would have arrived at the same decision; it is whether there is substantial evidence supporting the Commissioner's decision. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999). Consequently, the ALJ's determination as to the credibility of Donatelli's testimony is supported by substantial evidence.

### 3. Performing Jobs that Exist in the National Economy

A vocational expert also testified at the hearing before the ALJ. The ALJ asked the expert whether jobs exist in the national economy for an individual of Donatelli's age and education with his past relevant work experience and his residual functional capacity.

The expert responded that Donatelli could work as a packer, assembler or inspector.  The expert estimated that in the aggregate there are approximately three million jobs that fit within these categories.  Based on this testimony, the ALJ concluded that Donatelli retains the capacity for work that exists in significant numbers in the national economy.  The ALJ's decision in this regard is supported by substantial evidence.  See Jones, 364 F.3d at 503.

CONCLUSION

For the foregoing reasons, we will affirm the judgment of the District Court.