

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-6-2006

# Ahearn v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2530

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Ahearn v. Comm Social Security" (2006). *2006 Decisions*. Paper 1636.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1636

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-2530

———

GINA AHEARN,

*Appellant*

v.

COMMISSIONER OF SOCIAL SECURITY

———

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 04-cv-0649)
District Judge: Honorable Joel A. Pisano

———

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
February 3, 2006

Before: MCKEE, SMITH, and VAN ANTWERPEN, *Circuit Judges*.

(Filed:  February 6, 2006)

———

OPINION OF THE COURT

———

VAN ANTWERPEN, *Circuit Judge*.

Gina Ahearn appeals from the order of the United States District Court for the District

of New Jersey affirming the decision of the Commissioner of Social Security that denied her

claim for disability insurance benefits under Title II of the Social Security Act.  Because the

Commissioner's decision is supported by substantial evidence, we will affirm.[1]

---

[1]  The District Court had jurisdiction pursuant to 42 U.S.C. § 405(g).  We have
jurisdiction pursuant to 28 U.S.C. § 1291.

I.

Ahearn has a high school degree and past relevant work experience as an office clerk, from 1983 to 1991 (both as an accounts receivable clerk and as a collections clerk), and as a school bus driver, from 1993 to May 2000. As an office clerk, Ahearn worked seven- to eight-hour days, involving approximately six hours of sitting, two hours of standing or walking, and lifting no more than ten pounds. The job did not require stooping, bending, or kneeling. As a school bus driver, Ahearn worked five to seven hours a day, involving sitting for six hours, walking for one hour, and occasionally lifting up to fifty pounds when she assisted physically disabled children to enter or exit school buses.

Ahearn filed an application for disability insurance benefits with the Social Security Administration ("SSA") on September 25, 2000, alleging she became disabled on September 5, 2000, when she suffered neck, back, and knee injuries as a result of a motor vehicle accident. She was initially diagnosed with a herniated disk and right sciatica, for which she underwent physical therapy. Physical therapy reports showed that while Ahearn's range of motion improved with therapy, she either missed or skipped some eight of 22 scheduled physical therapy sessions. Ahearn additionally alleged back and neck weakness, back and neck pain, inability to hold objects, carpal tunnel syndrome, and depression. She underwent surgery for her back in September 2001, which allowed her to return to work as a bus driver for a brief period in November 2002. However, Ahearn resigned after two months because her pain returned and prevented her from working.

The Commissioner of Social Security denied Ahearn's application both initially and

upon reconsideration, whereupon Ahearn filed a timely notice for a *de novo* hearing before an administrative law judge ("ALJ"). After a hearing on February 19, 2003, the ALJ found that although Ahearn met the non-disability requirements for a period of disability and Disability Insurance Benefits as set forth under § 216(i) of the Social Security Act, and was insured for benefits through the date of the ALJ's decision, she nonetheless did not have a "disability" as defined in the Social Security Act and regulations at any time through the date of the ALJ's decision, and therefore was not entitled to a period of disability or Disability Insurance Benefits under §§ 216(i) and 223 of Social Security Act. This conclusion was based, *inter alia*, on the ALJ's finding that Ahearn had established medically determinable injuries only as to her back and neck pain, and that these injuries did not prevent her from performing past relevant work as an accounts receivable or collections clerk.

Ahearn subsequently filed a Request for Review with the SSA on June 6, 2003, which the SSA Appeals Council denied on December 19, 2003, rendering the ALJ's decision the final decision of the Commissioner.

Ahearn then appealed to the United States District Court for the District of New Jersey, which affirmed the decision of the Commissioner by Order dated March 18, 2005 after determining, in a 25-page memorandum opinion, that substantial evidence supported the ALJ's factual findings.

## II.

Our review "is identical to that of the District Court, namely to determine whether there is substantial evidence to support the Commissioner's decision." *Plummer v. Apfel*,

186 F.3d 422, 427 (3d Cir. 1999); 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla. It means such evidence as a reasonable mind would accept as adequate." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). That the record may contain evidence which would have supported a different conclusion does not undermine the Commissioner's findings so long as there exists substantial support for the Commissioner's decision in the record. *Simmons v. Heckler*, 807 F.2d 54 (3d Cir. 1986). We must review the evidence in its totality, *Daring v. Heckler*, 727 F.2d 64, 70 (3d Cir. 1984), but where it is susceptible of more than one rational interpretation, the Commissioner's conclusion must be upheld. *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986).

III.

To be eligible to receive disability insurance benefits, Ahearn had the burden of showing that she was unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period not less than 12 months." 42 U.S.C. § 423(d)(1)(A). She also had the burden of showing that such an impairment was sufficiently severe such that she could not engage in prior work or other gainful work considering her age, education, and work experience. 42 U.S.C. § 1382c(a)(3)(B). An ALJ must conduct a five-step eligibility evaluation, 20 C.F.R. § 404.1520, namely: (1) whether the claimant is working; (2) whether the claimant has a severe impairment; (3) whether the severe impairment meets or medically equals a listed

impairment; (4) whether the claimant has residual functional capacity ("RFC") to resume prior relevant work; and (5) whether the claimant can make an adjustment to other available work. *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004). Here, Ahearn claims substantial evidence is lacking to support the ALJ's findings at steps two, three, and four. Based on our review of the record, we disagree.

Ahearn first contends the ALJ erred in finding at step two of the analysis that her alleged hand, knee, and psychiatric conditions were not severe impairments. She claims the ALJ improperly relied only on the report of Dr. Bagner, who evaluated Ahearn for these conditions on behalf of Disability Determination Services ("DDS"). We are unpersuaded, finding, as we do, that the ALJ's step two analysis is supported by substantial evidence in the record. In addition to crediting Dr. Bagner's determination that Ahearn had suffered no motor or sensory defects in her upper extremities as a result of the automobile accident, the ALJ also acknowledged the report of a second physician, Dr. Anghel, who performed electromyography and nerve conduction velocity studies on Ahearn in June 2001. Dr. Anghel's diagnosis specifically noted that Ahearn had full range of motion and no muscle atrophy. The ALJ also acknowledged the report of a third doctor, Dr. Lombardi, who examined Ahearn after physical therapy. Dr. Lombardi concluded that Ahearn's gait was normal and that her leg pain had subsided. Turning to Ahearn's alleged psychiatric condition, the ALJ credited Ahearn's doctor, Dr. Berman, a psychiatrist, who diagnosed her depression as improving. The ALJ also credited a psychological evaluation by a second doctor, Dr. Flock, a state agency physician, who concluded that Ahearn's depression was not

so severe as to preclude her ability to work. Finally, the ALJ also acknowledged the psychiatric opinion of a third doctor, Dr. Block, who stated that Ahearn showed no evidence of depression. For all of these reasons, we conclude substantial evidence exists in the record to support the ALJ's findings at step two.

Ahearn next contends the ALJ erred in finding at step three that, even though she had established back and neck pain qualifying as "severe" under 20 C.F.R. § 404.1520(b), she had not established sufficient medical evidence to show she suffered from motor or sensory deficit as required to meet or equal a listed impairment under listing 1.04A. We discern no error at step three for the same reasons we have discussed with respect to step two: Doctors Bagner, Anghel, and Lombardi all concluded Ahearn had, respectively, no motor or sensory abnormalities in the upper extremities, active muscle stretch flexes and no neurological problems in the upper extremities, a normal gait, and the ability to conduct straight leg raises. Accordingly, substantial evidence in the record supported the ALJ's finding at step three.

Ahearn next argues the ALJ erred at step four by failing to sufficiently explain his determination of Ahearn's RFC and by failing to consider her subjective pain. Here, notwithstanding her medically determinable back and neck pain and her claims of subjective pain, the ALJ concluded that Ahearn retained the ability to resume her prior sedentary work as an accounts receivable clerk or as a collections clerk. Substantial evidence supports this finding. In determining Ahearn's RFC, the ALJ took into account reports from all available doctors, as discussed *supra*, the fact that no treating or examining physician noted that Ahearn should have restrictions on work activity, and the December 27, 2001 RFC assessment of Ahearn. In doing so, the ALJ considered and rejected the state's assessment

6

that Ahearn was capable of performing light work, finding instead that Ahearn was capable of only sedentary work. Notwithstanding Ahearn's contention to the contrary, the ALJ's opinion is sufficiently thorough and inclusive to allow a review of step four, and substantial evidence supports the ALJ's finding.

Finally, Ahearn argues the ALJ failed to properly consider her subjective complaints of pain as required pursuant to 20 C.F.R. § 404.1529. Here, Ahearn argued she suffered additional pain that was sufficiently disabling to prevent her from resuming even sedentary work. This required the ALJ to determine whether her allegations of intensity and persistence of pain were accurately stated. *See, e.g.*, *Hartranft v. Apfel,* 181 F.3d 358, 362 (3d Cir. 1999). Review of the record confirms the ALJ properly considered Ahearn's subjective complaints of pain and found them to lack credibility in light of the record as a whole, which showed Ahearn to be capable of driving, running errands, dressing herself, actively participating in physical therapy, and, as reported by Dr. Lombardi, generally being "fairly active." Because substantial evidence supports both the ALJ's subjective pain credibility finding as well as the ALJ's finding that any additional subjective pain experienced by Ahearn did not prevent her from resuming sedentary work, we will not disturb the ALJ's findings on this ground.

IV.

Because substantial evidence supports the ALJ's decision, we affirm the judgment of the District Court sustaining the Commissioner's denial of Ahearn's claim.

7