

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-29-2008

# Miller v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2975

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Miller v. Comm Social Security" (2008). *2008 Decisions.* Paper 1108.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1108

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-2975
_____

ROBERT E. MILLER,

Appellant

v.

*MICHAEL J. ASTRUE, COMMISSIONER SOCIAL SECURITY

* (Pursuant to Rule 43(c), F.R.A.P.)

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 06-cv-00789)
District Judge:  The Honorable William L. Standish

_____

Submitted Under Third Circuit LAR 34.1(a)
May 20, 2008

BEFORE:  SMITH and NYGAARD, Circuit Judges,
and STAFFORD,* District Judge.

Filed  May 29, 2008

---

*. Honorable William H. Stafford, Jr., Senior District Judge for the United States District Court for the Northern District of Florida, sitting by designation.

OPINION OF THE COURT

NYGAARD, <u>Circuit</u> <u>Judge</u>.

Robert E. Miller applied for disability insurance benefits and supplemental security income. The ALJ found that Miller was not disabled under the Social Security Act because the Appeals Council denied his request for review, and the ALJ's decision became the final decision of the Commissioner. The District Court rejected Miller's appeal. We will affirm.

On appeal, Miller challenges the District Court's legal conclusions and the ALJ's factual findings regarding his disability. We agree with the District Court and will adopt its reasoning as set forth in its thorough opinion. There was substantial evidence in the record to support the ALJ's conclusion that Miller's abdominal tumor, appendectomy and obesity were not severe impairments. *See Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001). Further, there is substantial evidence in the record to support the ALJ's finding that there was no spinal disorder resulting in the compression of a nerve root or the spinal cord. The ALJ properly considered, discussed and weighed the relevant evidence pertaining to Miller's disability allegations. The ALJ examined reports from Miller's treating physician and medical center as well as from consultative examiners. The ALJ

discussed Miller's history, symptoms, and treatment for each condition. Our review shows that the ALJ accorded great weight to the opinions of the treating doctors.

Further, although Miller takes issue with a discrepancy between the Vocational Expert's testimony and the examples of jobs the ALJ found he could perform, there is substantial evidence to support the finding that Miller is able to perform a limited range of sedentary work and that such work exists in the national economy. See 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); *see also Jones v. Barnhart*, 364 F.3d 501, 505-06 (3d Cir. 2004).[1]

Finally, the ALJ's RFC finding is also supported by substantial evidence and the hypothetical question posed to the Vocational Expert accurately reflected Miller's established physical impairments. *See Burns v. Barnhart*, 312 F.3d 113, 123 (3d Cir. 2002).

For the reasons set forth above, we will affirm the final order of the District Court.

---

[1] We note that Dr. Kasdan, Miller's treating physician, opined that Miller could perform light work. The ALJ gave Miller the benefit of the doubt and found that he could only perform sedentary work.