

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-2-2008

# Dicesare v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2970

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Dicesare v. Comm Social Security" (2008). *2008 Decisions.* Paper 916.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/916

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 07-2970

———

VINCENT L. DiCESARE,
                    Appellant
                    v.

COMMISSIONER OF SOCIAL SECURITY

———

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 05-cv-02554)
District Judge: Honorable Noel L. Hillman

———

Submitted Under Third Circuit LAR 34.1(a)
June 24, 2008

Before:  SLOVITER, BARRY, and ROTH, Circuit Judges

(Filed July 2, 2008)

———

OPINION

———

SLOVITER, <u>Circuit Judge</u>.

Vincent DiCesare appeals the District Court's order affirming the denial of his application for disability benefits ("SSD") and supplemental security income ("SSI") under the Social Security Act. He contends that he has multiple severe impairments that prevented him from doing any substantial gainful work.

I.

DiCesare, who is now 65 years old, alleges that he was disabled as of February 5, 1996. Prior to his alleged disability, DiCesare was employed as an insurance agent. He left his job in 1993, citing depression. DiCesare had been diagnosed with major depressive disorder in 1993, which resulted in short term disability. A later psychological evaluation determined that his problems were mostly physical, that he suffered no thought disorder, and had adequate social relations.

In February 1996, he was involved in a car accident resulting in injuries to his neck, lower back, left arm, and left shoulder. DiCesare was diagnosed with a shoulder muscle strain and back sprains and strains with preexisting degenerative disease. A later MRI also revealed a small herniated disc and a mild cervical spondylosis. In support of his disability claim, DiCesare cites persistent pain in his neck, back, left arm, and left shoulder. Despite taking over-the-counter pain medication, he contends it is difficult for him to lift or bend, and to walk, sit, or stand for prolonged periods. The date DiCesare was last insured for SSD was December, 1999. As DiCesare notes, if he was not disabled

2

before that date, he is limited to SSI, which uses the same standard for disability.

In October 2001, DiCesare was diagnosed with coronary disease and underwent heart surgery. Following his 2001 heart surgery, DiCesare's cardiac condition was stable and he was placed on regular medication.

## II.

Applying the five-step sequential evaluation codified at 20 C.F.R. § 404.1520, the Administrative Law Judge ("ALJ") found that DiCesare's severe impairments did not establish a disability under the Commissioner of Social Security's Listing of Impairments. In assessing DiCesare's residual functional capacity, the ALJ concluded that, prior to his heart surgery, DiCesare was capable of performing his past work as an insurance agent. The ALJ found that following his 2001 heart surgery, DiCesare could not return to his past work but had the residual functional capacity to perform other sedentary work that would utilize his existing skills. The District Court held that these conclusions were supported by substantial evidence.[1]

DiCesare argues that the ALJ erred at step three of the relevant analysis by relying on his own medical judgment and summarily rejecting the Commissioner's Listing of

_____

[1] We have jurisdiction to review a final decision of the Social Security Commissioner following appeal to the District Court. 42 U.S.C. § 405(g). Our review is plenary with respect to legal issues, and the ALJ's findings of fact are entitled to deference if supported by substantial evidence. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001).

Impairments as a basis for finding disability. To the contrary, the ALJ considered various medical records, as well as the testimony of DiCesare and his witness in reaching the step three determination. Our precedent requires that there be "sufficient explanation to provide meaningful review of the step three determination." Jones v. Barnhart, 364 F.3d 501, 505 (3d Cir. 2004). The record is sufficiently developed here and leads us to conclude that the ALJ properly considered the available evidence in determining that DiCesare did not meet the requirements for a listed impairment.

DiCesare also challenges the ALJ's findings with regard to steps four and five. In this context, the ALJ questioned DiCesare about his past work, evaluated the medical evidence, referred to the Medical-Vocational Guidelines (or "grids"), and considered the testimony of a vocational expert. Based on this evidence, the ALJ concluded that, prior to his heart surgery in 2001, DiCesare was capable of returning to his prior work as an insurance agent. The light nature of this work would have accommodated DiCesare's then-existing limitations. Following his 2001 heart surgery, DiCesare's limitations persisted, and in some instances, worsened. The ALJ considered the change in DiCesare's condition and a vocational expert testified specifically as to the availability of other work. Based on this evidence, the ALJ concluded that after the 2001 heart surgery, DiCesare would have been restricted to more sedentary work, which was available in significant numbers in the national and regional economy. Specifically, the ALJ found that DiCesare could have performed less demanding insurance-related work. The

4

availability of such work would permit him to exercise his existing skill even in light of his limitations.

### III.

Based on our review of the record, we agree with the District Court's conclusion that the ALJ's findings were supported by substantial evidence. See Simmonds v. Heckler, 807 F.2d 54, 58 (3d Cir. 1986) (noting that the question for this court is not whether the ALJ could have reached a different decision given the evidence, but whether substantial evidence supported his conclusions).[2]

In addition, DiCesare argues that the ALJ erred at step five by totally relying on the grids. This argument is without merit. The Commissioner is "responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy," which the claimant can perform given his residual functional capacity. 20 C.F.R. § 404.1560(c)(2). In light of the testimony of the vocational expert as to the availability of other work and DiCesare's own testimony as to his relevant skills, we conclude that the Commissioner carried his burden at step five.

_____

[2] DiCesare also argues that the ALJ erred in assessing his credibility. To the contrary, the ALJ found DiCesare's description of his injuries and restrictions "fully persuasive." A. R. at 17. The ALJ appropriately considered DiCesare's testimony in conjunction with all of the evidence presented. His argument is therefore without merit.

5

IV.

For the reasons set forth, we will affirm the decision of the District Court.