

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-16-2005

# Whitsett v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3265

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Whitsett v. Comm Social Security" (2005). *2005 Decisions.* Paper 1186.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1186

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 04-3265

———————

EVA WHITSETT, On Behalf of Ciera Whitsett,
Appellant

v.

COMMISSIONER OF SOCIAL SECURITY

———————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
D.C. Civil No. 03-cv-03510
District Judge:  The Honorable Joel A. Pisano

———————

Submitted Under Third Circuit LAR 34.1(a)
April 7, 2005

———————

Before: BARRY, AMBRO, and GREENBERG, Circuit Judges

———————

(Opinion Filed: May 16, 2005)

———————

OPINION

———————

BARRY, Circuit Judge

Eva Whitsett appeals from a final order of the District Court which upheld a

determination by the Commissioner of the Social Security Administration

("Commissioner") that Whitsett's daughter, Ciera, was not "disabled" within the meaning of the Social Security Act ("Act"). The District Court had jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3); we have jurisdiction pursuant to 28 U.S.C. § 1291. Because there was substantial evidence in the record to support the Commissioner's determination, we conclude that Whitsett's claim for Supplemental Security Income ("SSI") benefits on behalf of her daughter was properly denied. Accordingly, we will affirm.

## I.

The parties are well acquainted with the factual and procedural background of this case, and therefore we will limit our discussion of the record to those facts bearing directly on our disposition of this appeal. Ciera was receiving SSI benefits as of August 22, 1996 on the basis of a 1994 determination that she was a "disabled" minor. At about that time, Congress amended the Act's definition of "disabled" for individuals under the age of 18, and required disability redeterminations for a certain class of existing beneficiaries, which included Ciera.

Pursuant to this change in legislation, the SSA informed Whitsett on November 12, 1998 that she would need to provide updated information to demonstrate that Ciera was then disabled. Whitsett failed to provide the information, and on July 13, 1999, the Commissioner issued a Cessation of Benefits notice. Following an adverse decision upon reconsideration by a Disability Hearing Officer, Whitsett requested a hearing before an

2

Administrative Law Judge ("ALJ"). After several adjournments, the ALJ conducted a hearing on July 31, 2002, receiving testimony from both Whitsett and Ciera. On October 24, 2002, the ALJ concluded that Ciera was not disabled as of November 1998 and, therefore, was ineligible for SSI benefits.[1]

Engaging in the three-step sequential analysis for determining child disability, see 20 C.F.R. § 416.924(a)-(d), the ALJ found that Ciera was not engaged in substantial gainful activity and that her hypotonia, developmental delay, and learning disorder amounted, collectively, to a severe impairment. Accordingly, the ALJ concluded that Ciera satisfied the first two prongs of § 416.924. At the third and final step of the evaluation, however, the ALJ determined that Ciera's severe impairment did not meet, medically equal, or functionally equal any of the listings ("listings") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. On this basis, the ALJ concluded that Ciera was not disabled within the meaning of the Act.

## II.

On review, our task is to determine whether the District Court properly concluded that the Commissioner's decision was supported by substantial evidence. 42 U.S.C. § 405(g); Jones v. Barnhart, 364 F.3d 501, 503 (3d Cir. 2004). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a

---

[1]This determination became the final decision of the Commissioner when the Appeals Council denied Whitsett's request for review.

conclusion." Jones, 364 F.3d at 503 (internal quotations omitted). Also guiding our analysis is Cotter v. Harris, 642 F.2d 700 (3d Cir. 1981), and its progeny, which impose upon the ALJ an obligation to set forth the bases for his decision, including his reasons for discounting probative evidence in the record which contradicts his findings. See, e.g., Fargnoli v. Halter, 247 F.3d 34, 41-42 (3d Cir. 2001); Burnett v. Comm'r of Soc. Sec., 220 F.3d 112, 119-21 (3d Cir. 2000). At bottom, the Cotter doctrine ensures that a reviewing court will be capable of evaluating whether the Commissioner's decision is supported by substantial evidence. Unless the ALJ sets forth his reasoning, we have observed, "the reviewing court cannot tell if significant probative evidence was not credited or simply ignored." Cotter, 642 F.2d at 705.

## III.

Whitsett relies heavily (if not exclusively) on Cotter, arguing that the ALJ was derelict in his duty to set forth a detailed explanation for his findings at step three of the sequential analysis.[2] We disagree. To support his finding that Ciera's combination of impairments did not meet or medically equal the listings, the ALJ identified the specific listings which he had considered and evaluated the factual record in a manner which closely tracked the elements of the relevant listings. While the ALJ did not explicitly set

---

[2]Whitsett refers to the functional equivalency determination as a separate (i.e. fourth) step in the disability analysis. For purposes of this opinion, we will follow the approach of both the District Court and the ALJ and treat that determination as a subset of the third step in the analysis.

4

forth the requirements for each listing, we have never required such a formalistic approach under the Cotter line of cases. See Jones, 364 F.3d at 505 (observing that the ALJ is not required "to use particular language or adhere to a particular format in conducting his analysis").

Similarly unavailing is Whitsett's challenge to the ALJ's functional equivalence determination. The ALJ cited the appropriate standard, listed the six domains which he was obliged to analyze, and defined the terms "marked" and "extreme". Thereafter, the ALJ engaged in a three-plus page discussion of the factual record, setting forth a substantially comprehensive account of both the medical and lay testimony in the case, before reaching his conclusion that Ciera did not have even a marked limitation in any of the six domains. Although admittedly the ALJ could have adopted a more organized approach (for example, by making clear which pieces of evidence he was considering in connection with each of the relevant domains), we find that his decision enabled us to perform our function of meaningful judicial review, and was therefore in compliance with Cotter.

Having rejected Whitsett's challenge under Cotter, we are required to determine whether the Commissioner's decision was supported by substantial evidence. Based upon our independent review of the record, we conclude that it was. We note, in this connection, that Whitsett has failed to point to any contrary evidence which was either improperly discredited or ignored by the ALJ.

5

## IV.

For the reasons stated, we will affirm the order of the District Court.