**Darlene N. GIESE, Appellant**

v.

**COMMISSIONER OF SOCIAL SECURITY.**

No. 06–2906.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Sept. 11, 2007.

Filed: Oct. 29, 2007.

Adrienne F. Jarvis, Cherry Hill, NJ, for Appellant.

Marla P. Siegel, Office of United States Attorney Social Security Administration, New York, NY, for Commissioner of Social Security.

Before: SCIRICA, Chief Judge, RENDELL and FUENTES, Circuit Judges.

## OPINION

FUENTES, Circuit Judge.

Darlene N. Giese appeals the order of the District Court affirming the Commissioner of Social Security's (the "Commissioner") denial of her disability benefits under the Social Security Act. *See* 42 U.S.C. § 423. For the reasons stated below, we conclude that the District Court's decision that the Commissioner's finding was based on substantial evidence is correct, and, therefore, we will affirm.

### I. Facts and Procedural History

Giese was born on February 9, 1960, and was 44 years old at the time of the Administrative Law Judge's ("ALJ") decision denying her disability benefits. She completed the ninth grade and subsequently obtained her GED. Her past work experience includes employment as a bartender, a AAA travel counselor, and a manager in training at a convenience store. Giese filed her application for disability benefits on March 21, 2002, with an alleged onset date of December 21, 2001. She alleged severe impairments of the cervical spine, lumbar spine, chronic neck, back, arm and leg pain, obesity and depression. Her claim was denied and she subsequently

requested a hearing before an ALJ which was held on March 17, 2004.

In a detailed opinion, the ALJ found that Giese has not been under a disability, as defined by in the Act, at any time since her alleged onset date of disability through the date of the decision. The ALJ found Giese had not engaged in substantial gainful employment since the onset of her disability and that while Giese's cervical spine, lumbar spine, obesity (in combination) and depression are "severe" within the meaning of the Regulations, none of these impairments are severe enough to meet or medically equal the listings in 20 C.F.R. Part 404, Subpart P, Appendix 1. Finally, the ALJ found that Giese retains the residual functional capacity to perform the requirements of her past relevant work as a travel counselor at AAA and that similar jobs were available in the national and local economy.

Giese filed an action in the United States District Court for the District of New Jersey seeking review of the Commissioner's decision. In a thorough opinion, the District Court affirmed the Commissioner's finding that Giese was not disabled. The District Court found that the ALJ's opinion properly considered the 1999 and 2000 medical records of Giese's doctors and adequately explained why the ALJ did not afford substantial weight to other portions of the medical evidence from 1999 and 2000. The District Court also found that the ALJ's finding that Giese did not suffer from a listed impairment was supported by substantial evidence. The District Court held that none of Giese's treating physicians offered an opinion that Giese was disabled and the ALJ's opinion was not inconsistent with the opinions of acceptable medical sources and thus was supported by substantial evidence. The District Court found that the ALJ did not erroneously conclude

that Giese maintains the residual functional capacity to perform her past relevant work. Finally, the District Court held that the ALJ did not abuse her discretion in evaluating the credibility of Giese's disability claim and that the ALJ's assessment of Giese's credibility was supported by substantial evidence in the record.

Giese filed this timely appeal, and we have jurisdiction under 28 U.S.C. § 1291.

## II. Discussion

### A. Statutory and Regulatory Framework

To determine whether a claimant is disabled the Commissioner must follow the familiar five-step sequential analysis, set forth in the regulations promulgated by the Social Security Administration. *See* 20 C.F.R. § 404.1520; *see also Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir.2004).

At step one of the process, the Commissioner decides whether the claimant is currently engaging in substantial gainful activity. If so, the claimant is not eligible for benefits. § 404.1520(a)(4)(i). At step two, the question is whether the claimant is suffering from a severe impairment. If the Commissioner determines that the impairment is not severe, then the claimant is not eligible for benefits. § 404.1520(a)(4)(ii). At step three, the Commissioner evaluates whether the claimant suffers from a listed impairment. If so, the claimant is automatically eligible for benefits. § 404.1520(a)(4)(iii). If not, at step four, the Commissioner determines whether the claimant retains the "residual functional capacity" to perform her past relevant work. If she retains the residual functional capacity for past relevant work, then she is not eligible for benefits. § 404.1520(a)(4)(iv). Lastly, at step five, the question is whether jobs exist in sufficient numbers in the national economy

that the claimant can perform given the claimant's medical impairments, age, education, past work experience, and residual functional capacity. At this step, the burden shifts from the claimant to the Commissioner to show that the claimant is capable of performing other available work that exists in the national economy. If the Commissioner makes such a showing, the claimant will be denied benefits. *Jones*, 364 F.3d at 503.

## B. Standard of Review

We review the ALJ's decision, specifically the five-step evaluation process, under the same standard of review as the District Court, to determine whether there is substantial evidence on the record to support the ALJ's decision. 42 U.S.C. § 405(g). Substantial evidence is evidence that is less than a preponderance, but more than a mere scintilla. *Jones*, 364 F.3d at 503.

## C. Whether the Determination Below is Based on Substantial Evidence

On appeal, Giese raises several of the same arguments raised before the District Court asserting that the ALJ erred in denying her social security benefits. She claims that (1) the ALJ failed to evaluate the medical opinions of three treating physicians; (2) the ALJ erred in concluding that she maintains the residual functional capacity to perform her past relevant work as a AAA travel counselor; (3) the ALJ misconstrued evidence to arrive at an adverse credibility determination with respect to Giese's subjective complaints; and (4) the District Court erred by recharacterizing certain evidence to justify some of the ALJ's errors.

### 1. ALJ's Analysis of Medical Opinions

■ Giese argues that the ALJ should have evaluated the medical opinions of her treating physicians, Drs. Goldstein, Testaiuti and Rogers, and afforded them controlling weight. As the District Court noted, the ALJ did indeed evaluate the medical records of Drs. Goldstein, Testaiuti and Rogers in her opinion. The ALJ discussed Dr. Testaiuti's opinions following several examinations of Giese in 2001. The reports from Dr. Testaiuti's examinations document, generally, shoulder and neck tenderness and normal reflexes and power. The ALJ also discussed Dr. Rogers' examination of Giese in May 2002. Finally, while Dr. Goldstein's name was not explicitly included in the ALJ's opinion, the opinion does reference Dr. Goldstein's medical records, despite the fact that his treatments were prior to Giese's alleged onset date. The ALJ discussed Giese's 1999 carpal tunnel release which Dr. Goldstein performed, and his pre-surgery and post-surgery examinations of Giese's right hand.

Furthermore, as the District Court noted, the medical records are void of any opinions from these doctors that are inconsistent with the ALJ's findings. The records of these physicians do not contain any opinions that Giese had more significantly restricted functional capabilities than found by the ALJ. Thus, we are satisfied that the ALJ's determination is supported by substantial evidence.

### 2. Giese's Residual Functional Capacity

■ The ALJ found that Giese maintained the residual functional capacity to "lift, carry, push, and pull up to 20 pounds at a time and up to 10 pounds frequently; walk or stand up for up to six hours per workday; and sit up to six hours per workday so long as she has the option to sit or stand at will." AR 25. The ALJ also found that Giese could tolerate only simple, low-stress tasks due to her severe

depression. In arriving at this finding, the ALJ relied on the State agency orthopedist's conclusion that Giese could perform the full range of light work with occasional postural movements. While Dr. David, a consulting orthopedist, concluded that Giese could return to work at a lighter more sedentary job, the ALJ noted that he did not further explain himself and thus found "no justification for limiting the claimant to sedentary activity." AR 25.

The ALJ also determined that the medical evidence does not support Giese's allegations and that she retains the residual functional capacity to perform light work with the option of standing and sitting. Significantly, we note that both the vocational expert and the ALJ did not find that Giese could return to being a bartender because "[t]hat's pretty hectic. That wouldn't be considered low stress." AR 66. We find that the ALJ's finding that Giese retained the residual functional capacity to work as a travel counselor is supported by substantial evidence.

### 3. Subjective Symptoms and Credibility

■ Giese argues that the ALJ erred by mischaracterizing her complaints and finding that Giese's complaints were not credible. In determining Giese's residual functional capacity, ALJ noted that she considered "all symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence." AR 25. The ALJ went on to determine that Giese's statements concerning her subjective symptoms were not credible. This finding was based on the inconsistency between Giese's testimony and various medical reports. See Burns v. Barnhart, 312 F.3d 113, 130–31 (3d Cir.2002) (stating that an ALJ may reject testimony of subjective complaints where the testimony is not consistent with medical evidence).

Specifically, Giese testified that she was able to drive, do some chores, cook, read, shop (sometimes alone) and had a boyfriend. This testimony contradicts that of Giese's friend, who stated that Giese spent all day on the sofa and did not socialize or clean. The ALJ also noted Giese's reports to her physicians were inconsistent. In July 2002, Giese told both Dr. Waters that she did not do chores and Dr. Citta–Pietrolungo that she was independent in self-care. The ALJ also noted that Giese testified that despite her carpal tunnel surgery, she has residual numbness and weakness of her grip. However, the medical reports following her surgery indicated no symptoms of carpal tunnel syndrome or signs from the 1999 carpal tunnel release. Finally, the ALJ noted that despite Giese's testimony of having headaches, she failed to mention anything about headaches or migraine headaches to numerous doctors that she saw after her alleged onset date, and had never been hospitalized or gone to an emergency room because of headaches.

We are satisfied that the ALJ followed the dictate of current case law by weighing the conflicting evidence that was presented and explaining her rejection of Giese's subjective allegations with reference to the reports by multiple doctors. See Sykes v. Apfel, 228 F.3d 259, 266 n. 9 (3d Cir.2000). Additionally, under the substantial evidence standard, the question is not whether we would have arrived at the same decision; it is whether there is substantial evidence supporting the Commissioner's decision. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir.1999). Consequently, the ALJ's determination as to the credibility of Giese's testimony is supported by substantial evidence.

#### 4. District Court's Opinion

Giese argues that the District Court erred by speculating that the ALJ did not disregard Dr. Goldstein's medical reports. As discussed above, it was clear that the ALJ considered Dr. Goldstein's medical reports. The District Court did not need to speculate to arrive at that conclusion, as the ALJ cited to Dr. Goldstein's medical reports.

■ Giese also argues that the District Court incorrectly dismissed her argument that the ALJ recharacterized in her decision the vocational hypothetical presented at the hearing. We find this argument to be without merit. At the hearing, the ALJ asked the vocational expert, Ms. Kelly, "Let's assume this person could perform light work, provided she could sit and stand at times, like she could alternate with sitting, and provided the work was simple, low stress. Could she return to her job as a travel clerk ... ?" AR 66. Ms. Kelly responded, "[Y]es ... it is considered simple, unskilled, relatively low-stress work." AR 66. In her decision, the ALJ wrote that she could "sit for up to six hours per workday so long as she has the option to sit or stand at will. She can tolerate only simple, low stress tasks due to depression." AR 25. We do not believe that the ALJ mischaracterized the hypothetical. Furthermore, the District Court correctly found that such testimony was not controlling and the ALJ did not err in relying on this response.

■ Finally, Giese argues that the District Court erred by finding the ALJ's exclusion of evidence prior to the December 2001 onset date appropriate. Just as this Court's scope of review is limited, the District Court's role is solely to review the ALJ's factual findings to determine whether the record contains substantial evidence to support them. 42 U.S.C. § 405(g). As we stated above, the District Court found that the ALJ's opinion did in fact consider relevant evidence from 1999 and 2000 in the medical reports of Giese's doctors and adequately explained why the ALJ did not afford other evidence from 1999 and 2000 substantial weight. We agree that the ALJ adequately explained the exclusion of certain evidence prior to December 2001.

### III. Conclusion

In sum, we conclude there was substantial evidence in the record to support the ALJ's decision that Giese was not disabled.

For the foregoing reasons, we will affirm the judgment of the District Court.