

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-20-2008

# Lopez v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-5018

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Lopez v. Comm Social Security" (2008). *2008 Decisions.* Paper 1406.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1406

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-5018
_____

IRIS LOPEZ,

Appellant,

v.

COMMISSIONER OF SOCIAL SECURITY,

Appellee.

_____

On Appeal from United States District Court
for the District of New Jersey
(D.C. No. 05-cv-04509)
District Court Judge: Honorable Mary L. Cooper
_____

Submitted Under Third Circuit LAR 34.1(a)
March 6, 2008

Before: BARRY, JORDAN and HARDIMAN, *Circuit Judges*.

Filed: March 20, 2008

_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

Iris Lopez appeals the District Court's decision affirming the Commissioner's denial of her request for benefits. We will affirm.

**I.**

As we write for the parties, who are familiar with the facts and procedural history of the case, we recount only that which is necessary to our decision.

Lopez alleged disability because of depression, as well as neck, back, shoulder, and knee injuries that she sustained in an August 2001 car accident. The Administrative Law Judge (ALJ) found that Lopez has degenerative disc disease, internal derangement of the right knee, right shoulder impingement, and depression. Although these constituted a "severe" combination of impairments under the regulations, the ALJ found at step three of the five-step sequential evaluation that they did not equal a Listed Impairment. Rather, the ALJ determined that Lopez retained the residual functional capacity (RFC) to perform light work, and rejected her testimony of more severe limitations as "not entirely credible." Because Lopez's most recent work as a cleaning crew supervisor was performed at the light level of exertion, the ALJ concluded that she could return to her prior work.

In this appeal, Lopez argues that the ALJ's step-three finding is not susceptible to meaningful judicial review. Lopez also argues that the ALJ's assessment of her RFC is "based on nothing."

2

The gravamen of Lopez's appeal is that the ALJ ran afoul of our decision in *Burnett v. Commissioner*, 220 F.3d 112 (3d Cir. 2000), where we held that an ALJ must provide sufficient reasoning for a court to conduct "meaningful judicial review" of the ALJ's step-three determination. *Id.* at 119. According to Lopez, *Burnett* requires the ALJ to conduct "an analysis of the evidence against each relevant listing." In this case, the ALJ's step-three finding states:

> [Lopez] has no impairment which meets the criteria of any of the listed impairments described in the Regulations (20 C.F.R. 404, Subpart P, Appendix 1). No treating or examining physician has mentioned findings equivalent in severity to the criteria of any listed impairment. Particular attention was given to listings 1.00 (musculoskeletal) and 12.00 (mental impairments).

Although *Burnett* does not specifically hold that the ALJ must discuss the applicable Listings in the decision, we have expressed concern that conclusory statements do not satisfy *Burnett*. *See Fargnoli v. Massanari,* 247 F.3d 34, 40 n.4 (3d Cir. 2001) (noting that an ALJ's step-three finding that "[n]o treating or examining physician has mentioned findings equivalent in severity to the criteria of any listed impairment. Particular consideration was given to Listing 1.00 (musculoskeletal system)" probably was too conclusory to permit judicial review under *Burnett*, but declining to decide the issue as the claimant had not raised it). Nevertheless, both *Burnett* and *Fargnoli* are distinguishable from this appeal because the ALJs in those cases failed to analyze

sufficiently the evidence, including objective medical reports and the claimant's testimony. *See Burnett*, 220 F.3d at 119-20; *see also Fargnoli*, 247 F.3d at 40 n.4.

We recently made clear that ALJs need not cite specific Listings at step three as long as the ALJ's review of the record permits meaningful review of the step-three conclusions. In *Jones v. Barnhart*, 364 F.3d 501 (3d Cir. 2004), we considered whether the following determination was sufficient: "[A]fter carefully compar[ing] the claimant's signs, symptoms, and laboratory findings with the criteria specified in all of the Listings of Impairments, the claimant's impairments do not meet or equal the criteria established for an impairment shown in the Listings." *Id.* at 503 (internal quotation marks omitted). Although the ALJ's step-three analysis did not mention *any* of the Listings, we held:

> [T]he ALJ's step three analysis in this case satisfies *Burnett*. *Burnett* does not require the ALJ to use particular language or adhere to a particular format in conducting his analysis. Rather, the function of *Burnett* is to ensure that there is sufficient development of the record and explanation of findings to permit meaningful review. In this case, the ALJ's decision, read as a whole, illustrates that the ALJ considered the appropriate factors in reaching the conclusion that Jones did not meet the requirements for any listing, including Listing 3.02(A). The ALJ's opinion discusses the evidence pertaining to chronic obstructive and restrictive lung disease, specifically referencing "[p]ulmonary function studies . . . consistent with moderately severe obstructive and restrictive defects," but pointing to the lack of pulmonary complications, and a finding that claimant's lungs were clear. Also, the ALJ noted that claimant's medical history showed no frequent hospitalization or emergency treatments. This discussion satisfies *Burnett's* requirement that there be sufficient explanation to provide meaningful review of the step three determination.

*Id.* at 504-05 (citations, citation to record, and footnote omitted).  Instead of attempting to distinguish *Jones,* Lopez intemperately refers to the decision as a "get-out-of-jail-free-pass."  This is not the stuff of effective appellate advocacy.

Like *Jones,* here the ALJ discussed all of the relevant medical evidence before concluding that Lopez was not entitled to benefits.  On this point, the District Court found:

> In the subsequent parts of his analysis, the ALJ discussed the evidence relating to, *inter alia*: (1) the chiropractor's diagnosis of cervical sprain/strain and left brachial neuralgia, and lumbar disc bulges; (2) the note from [Lopez's] neurologist indicating that she was unable to work; (3) the orthopedist's diagnosis of left shoulder pain and radicular pain due to a C5-6 injury; (4) the neurosurgeon's diagnosis of a herniated disc and severe degenerative disease at L5-S1 and recommendation that [Lopez] is a possible candidate for spinal fusion; (5) the results from [Lopez's] consultative psychiatric examination, psychiatric evaluation, and mental impairment questionnaire; and (6) [Lopez's] torn lateral meniscus in her knee.  The ALJ also specifically identified [Lopez's] testimony and subjective allegations that he took into consideration.

Nowhere in her brief does Lopez contend that the ALJ overlooked any of the medical evidence; rather, she claims that a remand is necessary because the ALJ failed to apply that evidence to specific Listings.  But Lopez admits:

> [Lopez] has restrictions in both shoulders. [She] has restrictions in her right knee. [She] has restrictions throughout her lower back. [She] has restrictions in her cervical spine.  [She] has restrictions in her ability to think, concentrate, and deal with the most rudimentary changes in a vocational setting.  These are restrictions based on evidence that the ALJ cites with approval and without rejection.

5

As Lopez noted, the ALJ did indeed review all of this medical evidence. The ALJ noted that although Lopez suffered from back, neck, knee, and shoulder pain, those conditions had improved through surgery. The ALJ also addressed the nonexertional limitations stemming from Lopez's depression, and concluded that, although "she is unable to perform complex tasks, and is unable to maintain attention and concentration for an extended period of time," these limitations did not prevent her from working. This was consistent with the medical evidence of record, which indicated that Lopez's depression was not of Listing-level severity.

In the final analysis, we note that although a discussion of the specific applicable Listings certainly would have been helpful, our primary concern always has been our ability to conduct meaningful judicial review. *See Burnett*, 220 F.3d at 119; *see also Jones*, 364 F.3d at 505. The ALJ's failure to discuss specific Listings is not reversible error under *Jones* because the ALJ analyzed all the probative evidence and explained his Decision sufficiently to permit meaningful judicial review.

**III.**

Lopez next claims entitlement to a remand because the ALJ's step-four determination that she could return to her prior work was "based on nothing." At step four, the Commissioner determines whether, despite her severe impairments, the claimant retains the RFC to perform her past relevant work. 20 C.F.R. §§ 404.1520(e), (f), 416.920(e), (f). RFC is "the most [the claimant] can still do despite [her] limitations."

6

*See* 20 C.F.R. § 416.945(a)(1).  "Although the impairment must be medically determinable, it need not be a "severe" impairment to be considered in the RFC assessment."  *See Rutherford v. Barnhart,* 399 F.3d 546, 554 n.7 (3d Cir. 2005); *see also* 20 C.F.R. § 404.1523.

Significantly, the ALJ is required only to include limitations which he finds credible.  *See Burnett,* 220 F.3d at 121, *see also Hartranft v. Apfel,* 181 F.3d 358, 362 (3d Cir. 1999).  Thus, to the extent that the ALJ found Lopez's other alleged limitations less than credible, they were properly excluded from the RFC.  *See Burns v. Barnhart,* 312 F.3d 113, 129 (3d Cir. 2002).  Lopez bears the burden of demonstrating that she lacks sufficient RFC to perform her past relevant work.  *See* 20 C.F.R. § 416.920(e).

In this case, the District Court found that substantial evidence supported the ALJ's finding that Lopez could perform "close to a full range of light work."  The evidence we cited in our discussion of the ALJ's step-three analysis supports the conclusion that, although Lopez remains in pain from the injuries she sustained in the August 2001 car accident and is plagued by depression, the treatment she received has rendered her capable of performing at least light work.  Indeed, as the District Court noted, Agency physicians as well as Lopez's own surgeon concluded that Lopez was capable of returning to her old job as a cleaner.[1]

---

[1] Lopez offered two opinions that she was totally disabled, but the ALJ properly noted that one was a simple conclusion and the other was not offered by a doctor.  *See* 20 C.F.R. §§ 404.1513(d)(1), 404.1527(d), 416.913(d)(1), and 416.927(d).

7

Lopez's insistence that the ALJ failed to consider the effect of her shoulder and knee impairments is incorrect because the ALJ relied on the RFC assessment of an Agency physician who considered these limitations. And notwithstanding Lopez's complaint that the ALJ failed to consider the effect of her concentration and memory deficits when determining that she could return to her job as a cleaner, we note that Lopez was required to show that these deficits precluded her from returning to her old job. *See* 20 C.F.R. § 416.920(e).

Finally, we reject Lopez's contention that the ALJ was required to call a vocational expert. At step four of the sequential evaluation process, the decision to use a vocational expert is at the discretion of the ALJ. *See* 20 C.F.R. § 404.1560(b)(2); *see also* Social Security Ruling 00-4p (2000). In determining the exertional level of the claimant's past relevant work, the ALJ also is entitled to rely on the Dictionary of Occupational Titles (4th ed. 1991) (DOT). *See* 20 C.F.R. §§ 404.1560(b)(2), 404.1566(d)(1), 404.1567. Here, Lopez testified that she had worked as a supervisor of a cleaning crew. The DOT lists the position of cleaner as light work. *See* DOT 323.687-014. The ALJ also heard Lopez testify as to the work she performed during her previous employment; her testimony did not suggest any complex vocational issues. Based on this evidence, we cannot say that the ALJ erred when he concluded that Lopez's prior work was performed at the light level.

For all of the foregoing reasons, we will affirm the judgment of the District Court.

8