NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

───────────────

No. 14-3366

───────────────

CALVIN A. MANN,
                                    Appellant

v.

COMMISSIONER SOCIAL SECURITY ADMINISTRATION

───────────────

Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-09-cv-00122)
District Judge: Honorable Gregory M. Sleet

───────────────

Submitted under Third Circuit LAR 34.1(a)
on March 6, 2015

Before: SHWARTZ, SCIRICA and ROTH, Circuit Judges

(Opinion filed: January 13, 2016)

───────────────

OPINION[*]

───────────────

ROTH, Circuit Judge

───────────────

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Calvin A. Mann appeals the District Court's order, affirming the Commissioner's denial of his application for disability insurance benefits and supplemental security income under the Social Security Act. We will affirm.

## I.

Mann's alleged disability arose from an injury he sustained in a December 3, 1998, accident when he fell off a ladder and broke his left wrist. The Administrative Law Judge (ALJ) found that Mann had degenerative disc disease, a "severe" impairment, but determined that the impairment did not meet or equal a Listing of Impairments under 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ found that Mann retained the residual functional capacity to perform light work, and rejected Mann's testimony of more severe limitations as "not entirely credible." Accordingly, the ALJ determined that Mann was not eligible for benefits under the Act. The District Court affirmed, and Mann appealed.

## II.[1]

We exercise plenary review over the ALJ's legal conclusions and review the factual findings for substantial evidence.[2] Substantial evidence is "more than a mere scintilla," and is defined as "such relevant evidence as a reasonable mind might accept as adequate."[3]

## III.

---

[1] The District Court had jurisdiction pursuant to 42 U.S.C. § 405(g). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 42 U.S.C. § 405(g).

[2] *See Zirnsak v. Colvin*, 777 F.3d 607, 610-11 (3d Cir. 2014).

[3] *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999) (citation and quotation marks omitted).

Mann contends that the ALJ erred atn step three by failing to find Mann per se disabled under Listing § 1.07, relating to "[f]racture of an upper extremity with nonunion of a fracture of the shaft of the humerus, radius, or ulna, under continuing surgical management . . . directed toward restoration of functional use of the extremity, and such function was not restored or expected to be restored within 12 months of onset."[4]

In determining whether a claimant has met his burden of showing that his impairment meets or equals a listed impairment, it is the Commissioner's duty to first identify and specify those listings that potentially apply to the claimant's impairments.[5] Because the ALJ concluded that Mann had degenerative disc disease, a musculoskeletal impairment, he properly focused on the impairments listed in Section 1.00 of the Regulations, relating to the musculoskeletal system. The ALJ determined that the "record does not report the existence of any functional limitations and or diagnostic test results, which would suggest that the impairments meet or equal the criteria of any specific listing." The ALJ noted that he "specifically considered" Listing § 1.02, major dysfunction of a joint, § 1.04, disorders of the spine, and § 1.08, soft tissue injury, and concluded that the evidence was insufficient to support a finding that Mann's impairment met the criteria in those listings.

---

[4] 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.07.
[5] *See Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 120 n.2 (3d Cir. 2000) (noting that identifying the most applicable listing is within the "realm of the ALJ's expertise" and "[p]utting the responsibility on the ALJ to identify the relevant listed impairment(s) is consistent with the nature of Social Security disability proceedings").

An ALJ's evaluation of the record must permit meaningful review of the step-three considerations.[6] Here, the ALJ's opinion set forth the facts used in rendering his decision and provided a thorough examination of the medical evidence. The ALJ discussed Mann's medical history, specifically the findings of Mann's treating and examining physicians, occupational therapist, and five state agency medical consultants. The ALJ accorded little weight to Mann's subjective complaints, finding that Mann's testimony regarding "the intensity, persistence and limiting effects of [the alleged] symptoms [were] not entirely credible." The ALJ found no clinical findings that would establish the criteria required by any of the listings. The ALJ's decision, read as a whole, illustrates that he determined that the appropriate factors of Mann's disability did not meet *any* of the listed impairments; this would include Listing § 1.07.[7]

To the extent that Mann argues that the ALJ erred by not identifying the listing that came closest to matching his impairments, we disagree. It is clear from the record that the ALJ identified and discussed the evidence. Significantly, the ALJ does not have "to use particular language or adhere to a particular format in conducting his analysis," but must merely ensure "that there be sufficient explanation to provide meaningful review of the step three determination."[8] Here, the ALJ clearly and fully evaluated and explained the medical evidence set forth in the record. His analysis was sufficient.

---

[6] *See Jones v. Barnhart*, 364 F.3d 501, 504-05 (3d Cir. 2004).
[7] Section 1.07 requires that the individual have a "nonunion" of a fracture and the records do not suggest that Mann had a nonunion.
[8] *Id.* at 505.

Mann next asserts that the hypothetical question posed by the ALJ to the vocational expert (VE) was flawed because the question did not contain all of Mann's restrictions. When posing a hypothetical question to the VE, "the ALJ must accurately convey to the vocational expert all of a claimant's *credibly established limitations*."[9] The question need not contain "every impairment *alleged* by a claimant."[10] The ALJ's hypothetical question asked the VE to assume a person who has "moderate pain and discomfort, severe on occasion in that left upper extremity, shoulder and knee." The ALJ was not required to present Mann's pain limitation with greater specificity because the doctors' clinical findings did not align with Mann's subjective complaints of pain.[11] Mann complained of "constant," "horrible," "excruciating" pain, but the ALJ found those complaints "concerning the intensity, persistence, and limiting effects" of the pain "not entirely credible" because they were not supported by Mann's medical record. Indeed, as of March 2003, Mann's treating physician reported that Mann's "[s]ubjective complaints are now out of proportion to his objective findings." Accordingly, we conclude that the ALJ's hypothetical question sufficiently conveyed all of Mann's credibly established limitations.

## IV.

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[9] *Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005).
[10] *Id.*
[11] *See Burns v. Barnhart*, 312 F.3d 113, 123 (3d Cir. 2002) (finding that the question posed to the vocational expert must include impairments supported by "medically undisputed evidence in the record").

5