**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-2341
_____

MIGUEL A. COSME,

Appellant

v.

COMMISSIONER SOCIAL SECURITY

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-18-cv-01327)
District Judge: Honorable Claire C. Cecchi

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 29, 2021

Before: MATEY and JORDAN, *Circuit Judges*, BOLTON*, *Senior District Judge*.

(Filed: March 1, 2021)

_____

OPINION**

_____

---

* The Honorable Susan R. Bolton, Senior United States District Judge for the District of Arizona, sitting by designation.

** This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

1

BOLTON, *Senior District Judge*

Miguel A. Cosme ("Cosme") appeals from an order of the United States District Court for the District of New Jersey, which concluded that there was substantial evidence to support the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Cosme's claims for disability benefits. The record demonstrates that there is substantial evidence to support the Administrative Law Judge ("ALJ")'s conclusion. We will affirm.

## I.    BACKGROUND

Cosme is a 48-year-old man with a history of obesity, hypertension, high blood pressure, high cholesterol, and coronary artery disease ("CAD"). On April 27, 2014, Cosme presented to the emergency room after waking up in the middle of the night with chest pain. Tests identified the cause of the pain as multivessel CAD. Cosme underwent a five-vessel coronary artery bypass grafting surgery on May 2, 2014 to treat his cardiovascular issues.

Following the surgery, Cosme continued to suffer from chest pain, experienced anxiety and depression, and had difficulty taking care of himself. Cosme filed applications for Disability Insurance Benefits and Supplemental Security Income under Title II and Title XVI of the Social Security Act ("SSA") in June 2014, claiming he had been disabled since May 5, 2014. Those applications were denied upon initial review and upon reconsideration.

Cosme challenged that determination in an administrative hearing before an ALJ. The ALJ determined that, although Cosme suffered severe impairments of CAD with

status post coronary artery bypass graft, depression, and anxiety, jobs still existed in significant numbers in the national economy that he could perform. The ALJ decided Cosme was not disabled under the SSA and denied his applications for benefits. After the Social Security Appeals Council denied Cosme's request for review, he brought a challenge to the ALJ's decision in federal court. The District Court affirmed the ALJ's decision. Cosme brings this timely appeal.

We have subject matter jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) and appellate jurisdiction pursuant to 28 U.S.C. § 1291.

## II. SUBSTANTIAL EVIDENCE SUPPORTS THE DENIAL OF BENEFITS

We review the ALJ's decision under the same standard of review as the District Court, to determine whether there is substantial evidence in the record to support the ALJ's decision. *See* 42 U.S.C. § 405(g). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 633 (3d Cir. 2014) (quoting *Reefer v. Barnhart*, 326 F.3d 376, 379 (3d Cir. 2003)); *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (same). The standard is deferential and is satisfied by the presence of evidence in the record that is "more than a mere scintilla but . . . somewhat less than a preponderance." *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014) (quoting *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005)).

Cosme raises several challenges to the ALJ's decision. None warrant reversal or remand.

### A. Failing to Meet a Listing

ALJs follow a five-step process to determine whether a particular claimant is "disabled" under the SSA. 20 C.F.R. § 404.1520; *see Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 118–19 (3d Cir. 2000). At step three of the evaluation process, the ALJ must determine whether a claimant's impairment matches, or is equivalent to, one of the impairments present in the listings in the federal regulations that are presumed severe enough to preclude any gainful work. 20 C.F.R. § 404.1520(d); *see Burnett*, 220 F.3d at 118. Cosme argues that under *Burnett*, the ALJ did not provide sufficient rationale and reasoning to support his determination that Cosme's cardiovascular issues did not meet a listing.

In *Burnett*, the claimant's case was remanded back to the ALJ to fully develop the record and explain his findings because the inclusion of one "conclusory statement" about why the claimant's impairment failed to meet a listing was "beyond meaningful judicial review." 220 F.3d at 119. However, "*Burnett* does not require the ALJ to use particular language or adhere to a particular format in conducting his analysis. Rather, the function of *Burnett* is to ensure that there is sufficient development of the record and explanation of findings to permit meaningful review." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004). Therefore, the Court may look to the entirety of the ALJ's decision, "read as a whole," to determine whether the record was sufficiently developed and the findings explained. *See id.* Here, the ALJ did provide a conclusory statement as to why Cosme's cardiovascular impairment did not meet the matching listing. However, the ALJ later went on to discuss Cosme's cardiovascular impairment in detail. Reading the

4

decision as a whole, we find that the record and explanation of findings is developed enough to permit meaningful review and does not require remand. *See Jones*, 364 F.3d at 505.

Cosme also argues that the ALJ erred in failing to consider his obesity at step three of the evaluation process and that the case should be remanded to allow for such consideration. However, Cosme cites no caselaw to support his argument and merely contends that the ALJ violated a since-rescinded Policy Interpretation Ruling. Cosme's argument is similar to that rejected in *Rutherford v. Barnhart*: as in *Rutherford*, Cosme did not raise his obesity as an impairment before the ALJ but contends that the record should have alerted the ALJ to his obesity. 399 F.3d at 552. While the ALJ was likely alerted to Cosme's obesity based on evidence in the record, Cosme fails to identify how his obesity would affect the five-step-evaluation process beyond a mere generalized response that it would "obviously negatively impact [his] COPD and back pain." Like the *Rutherford* court, we conclude that remand is not required because Cosme has failed to demonstrate how consideration of his obesity would affect the outcome of the case. *See id.* at 553.

**B.      Medical Evidence and Subjective Complaints**

Cosme contends that the ALJ "negate[d]" the opinions of Dr. Marc Fisk, Dr. Rambhai Patel, Dr. Alexander Iofin, and Ms. Olayinka Aramide in concluding that Cosme had the residual functional capacity ("RFC") to perform sedentary work that was limited to simple and repetitive work and involved no contact with the public and minimal contact with coworkers and supervisors. (Opening Br. at 24, 27.) RFC is defined

as the most a claimant can still do despite a claimant's physical or mental limitations. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). As to Dr. Fisk, Dr. Patel, and Dr. Iofin, all three care providers' reports and opinions were cited in the ALJ's decision and support his finding. In particular, Dr. Fisk, Cosme's treating cardiologist, completed a RFC Questionnaire and opined that Cosme did not have marked limitations of physical activity, was capable of low stress jobs with the possibility of moderate stress jobs in the future, and had minimal functional limitations. *Cf. Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) ("A cardinal principle guiding disability eligibility determinations is that the ALJ accord treating physicians' reports great weight."). Therefore, substantial evidence exists that the ALJ properly considered the opinions and reports of Dr. Fisk, Dr. Patel, and Dr. Iofin. *See Rutherford*, 399 F.3d at 552.

Ms. Aramide, an advanced practice nurse, completed a Mental Impairment Residual Capacity Evaluation Questionnaire in which she opined that Cosme: suffered from a major depressive disorder, a panic disorder, poor memory, panic attacks, anhedonia, and difficulty thinking or concentrating; would have difficulty working a regular job on a sustained basis; and had marked deficiencies of concentration and episodes of decompensation. However, the ALJ gave the opinion little weight, as it was inconsistent with the clinical findings. Cosme argues that the objective medical evidence in the record supported her evaluation and the ALJ failed to develop the record by not requesting the clinical notes upon which Ms. Aramide relied.

First, upon reviewing the record, substantial evidence exists to support the conclusion that Ms. Aramide's evaluation was an outlier; namely, the reports of Dr. Iofin

6

and Mount Carmel Guild only diagnosed Cosme with a Generalized Anxiety Disorder and a mood disorder secondary to cardiac problems with anxiety and depressive features respectively. *See Smith*, 631 F.3d at 633. These clinical findings fall far short of Ms. Aramide's more extreme conclusions. Second, remand is not required to more fully develop the record. Remand to develop the record requires a "showing that there is new evidence which is material." 42 U.S.C. § 405(g). Cosme fails to proffer what the missing evidence is, except to say that evidence exists to support Ms. Aramide's opinion. Without more, Cosme fails to make an adequate showing that new material evidence exists that would require remand.

Cosme also argues that the ALJ improperly evaluated his subjective complaints about his pain and symptoms and instead based his decision as to Cosme's RFC on "mere speculation." (Opening Br. at 30.) A claimant's own statements about pain or symptoms are not, by themselves, sufficient to establish that he is disabled. 20 C.F.R. § 404.1529(a). In evaluating a claimant's credibility, an ALJ determines whether his complained-of symptoms are reasonably "consistent with the objective medical evidence and other evidence." *Id.* If the ALJ finds the claimant's subjective complaints to be inconsistent with the objective medical evidence, he may discount them. *Id.* § 404.1529(c)(4). Here, the ALJ properly considered all of Cosme's subjective complaints and found that his impairments could reasonably cause his alleged symptoms. However, the ALJ found that Cosme's testimony as to the intensity, persistence and limiting effects of the symptoms were "not entirely consistent with the medical evidence and other evidence in the record," citing to the reports of Dr. Patel and Dr. Randhawa, as well as the opinion of Dr. Fisk.

7

(App. at 6.) Clearly, the ALJ did not decide to discount Cosme's subjective complaints based on mere speculation, but rather objective evidence present in the record. Therefore, substantial evidence exists to support the ALJ's decision to discount Cosme's subjective complaints. *See Smith*, 631 F.3d at 637.

### C. Cosme's RFC to Perform Sedentary Work

Cosme challenges the ALJ's determination that he could perform sedentary work as "merely conclusory and not based on the medical evidence" as well as claiming that the ALJ failed to perform a function-by-function assessment of his abilities to do work-related activities. (Opening Br. at 32.) Both assertions lack merit.

Sedentary work is the least demanding physical exertion category and is defined as "involv[ing] lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." 20 C.F.R. § 404.1567(a). It also involves only occasional walking and standing. *Id.* In Dr. Fisk's RFC Questionnaire, cited by the ALJ in his decision, he opined that Cosme could perform low stress work with the possibility of moderate stress work in the future, had minimal functional limitations, could walk three to five city blocks without rest, could sit or stand continuously for more than 2 hours, and could frequently lift 10 pounds and occasionally lift 20 pounds. Certainly, the opinion of Cosme's treating cardiologist rises to the level of substantial evidence to support the ALJ's findings that Cosme could perform sedentary work. *See Morales*, 225 F.3d at 317. Cosme's attempts to point to other portions of the record that could lead to a different conclusion are not sufficient at this stage to warrant

remand as there is "more than a mere scintilla" to support the ALJ's finding. *See Biestek*, 139 S. Ct. at 1154.

Further, contrary to Cosme's assertion, the ALJ did perform a function-by-function analysis in coming to his conclusion. In determining a claimant's RFC, an ALJ must consider all relevant evidence, including medical opinions, statements from medical sources, and a claimant's subjective complaints. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). This includes assessing a claimant's physical and mental abilities. *Id.* §§ 404.1545(b)–(c), 416.945(b)–(c). Prior to making his determination regarding Cosme's RFC, the ALJ reviewed the evidence in the record as he discussed Cosme's physical and mental abilities and explained the evidence he relied upon in reaching his decision and the weight accorded to it. Therefore, there is substantial evidence that the ALJ properly considered Cosme's physical and mental abilities in a function-by-function assessment prior to his RFC determination.

### D.      The Vocational Expert

Lastly, Cosme makes two arguments regarding the vocational expert used in his case. First, he argues that the ALJ erred in determining that he could communicate in English and that the vocational expert should have been told of his inability to communicate in English when considering whether sufficient jobs existed in the national economy that he could perform. Second, Cosme argues that the ALJ improperly considered one of the jobs presented by the vocational expert because it did not exist in significant numbers in the national economy. Without this third job, Cosme contends,

there lacks substantial evidence that jobs exist in the national economy in significant numbers that he could perform. Both arguments fail.

The ALJ determined Cosme could communicate in English because Cosme marked on his disability application that he could read and write in English and corrected the interpreter's translation during the hearing. While Cosme is correct that contrary evidence exists in the record, the evidence the ALJ cites to is evidence that he could communicate in English. Ultimately, the presence of contrary evidence does not lead us to conclude that the ALJ's determination lacked substantial evidence. *See Rutherford*, 399 F.3d at 552 (courts in social security cases do not "weigh the evidence or substitute [their own] conclusions for those of the fact-finder").

The vocational expert testified that given Cosme's limitations he would be able to perform the jobs of Final Assembler (200,250 jobs in the national economy), Surveillance System Monitor (10,600 jobs in the national economy), and Lens Inserter (200 jobs in the national economy). Under the federal regulations, work exists in the national economy that a claimant could perform when "there is a significant number of jobs (*in one or more occupations*) having requirements which you are able to meet with your physical or mental abilities and vocational qualifications." 20 C.F.R. §§ 404.1566(b), 416.966(b) (emphasis added). Therefore, even if we were to agree with Cosme that 200 jobs nationally were not a "significant number," that conclusion is irrelevant to the final determination in this case. Substantial evidence exists that there is a significant number of jobs in one or more occupations in the national economy—200,250 jobs nationally for a Final Assembler—to uphold the ALJ's decision.

## III.    CONCLUSION

As the District Court correctly recognized that the ALJ relied on substantial evidence when denying Cosme disability benefits, we will affirm.