**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3418
_____

GEORGE A. PECK,
Appellant

v.

COMMISSIONER SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 5:19-cv-04725)
Magistrate Judge: Honorable Timothy R. Rice
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on October 1, 2021

Before: AMBRO, KRAUSE, and BIBAS, *Circuit Judges*

(Filed: November 4, 2021)
_____

**OPINION**[*]
_____

_____

[*]  This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

BIBAS, *Circuit Judge*.

Laid low by work, George Peck sought disability benefits but got them only as of 2018. He asks us to backdate his benefits to start two years earlier. But because the agency's findings rested on substantial evidence, we will deny his request.

## I. BACKGROUND

Until 2016, Peck managed a coal plant. He worked ten to twelve hours a day, loading trucks and lifting heavy pipes and tools. By 2016, his left knee had degenerated, and he had to have it surgically replaced twice. His left knee remained unstable, though. He stopped working and applied for disability benefits to start in November 2016, but his application was denied.

Peck asked for a hearing. There, he testified that his knee "locks up," making him fall "quite a few times a week." App. 50. And he described his daily life as "a constant battle with the pain and the swelling." App. 51.

The administrative law judge found that Peck had become disabled in June 2018. The Social Security Appeals Council adopted most of the judge's findings but dated Peck's disability to August 7, 2018, instead. The District Court denied review. Peck now appeals.

## II. SUBSTANTIAL EVIDENCE SUPPORTS THE ADMINISTRATIVE DECISION

Though technically we review the Council's decision, we focus on the administrative law judge's opinion because the Council adopted it almost in full. We review the agency's factual findings for substantial evidence, asking only whether there is "such relevant evidence as a reasonable mind might accept as adequate." *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014) (internal quotation marks omitted).

A person is disabled if he cannot work because of a "medically determinable physical or mental impairment." 20 C.F.R. §404.1505(a). To gauge disability, the Social Security Administration uses this five-step test:

- Does the applicant do substantial work?

- If not, are his impairment(s) severe and lasting?

- If so, do his impairment(s) meet one of the Administration's disability listings?

- If not, can he still do his past work?

- If so, can he do other widely available jobs?

*See id.* §404.1520(a)(4).

Peck seems to dispute only the judge's findings at steps four and five, so we focus on those. At step four, the judge found that he could not do his past work but could do light work with some extra limitations. At step five, the judge found that Peck could do other widely available jobs until June 2018, but not afterward. The Appeals Council agreed, though it adjusted that date to August. Peck's challenges to these findings fail.

**A. At step four, substantial evidence supported the judge's conclusions**

When considering a claimant's ability to do previous work, administrative law judges "must consider all evidence before [them]" and note what evidence they reject and why. *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 121 (3d Cir. 2000); *see Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999). The judge did just that.

*1. Weight of Peck's Testimony*. Peck testified that his knee problems severely limited his daily life. The judge agreed that Peck was impaired, but found that the medical evidence

3

did not "fully support[ ]" his testimony. AR 65. Peck argues that the judge should have given his testimony more weight.

Though the judge made some mistakes, substantial evidence supports his finding at step four. He surveyed Peck's treatment records, noting many that undercut his testimony. True, he cited some irrelevant treatment notes, misstated what another record said, and cherry-picked some of Peck's testimony. But he did "identify and explain what evidence he found not credible and why." *Zirnsak*, 777 F.3d at 612. And he supported that finding with medical evidence. On our deferential review, that is enough.

*2. Dr. Smith's opinions*. Peck's treating physician, Dr. Smith, filled out a form with his opinions of Peck's impairments. Peck argues that the judge erred by discounting these opinions. He did not. The judge found that Dr. Smith's opinions conflicted with the other medical evidence. The medical evidence was "unremarkable" and did not justify Dr. Smith's suggestion that Peck could do only sedentary jobs. AR 67. So the judge did not have to follow Dr. Smith's opinions. 20 C.F.R. § 404.1527(c)(2).

Dr. Smith also opined that Peck needed to elevate his left leg and would benefit from using a cane. Peck faults the judge for not addressing those points. But the judge did mention elevating Peck's leg and referred to Dr. Smith's form offering both opinions before discounting his views as contradicting the other medical evidence.

**B. At step five, the judge did not have to credit hypos based on unestablished limitations**

Next, the judge enlisted a vocational expert to help assess if Peck could do other work. The judge described all Peck's limitations from step four and asked the expert if a

hypothetical claimant with those limitations could work at any other widely available jobs. The expert said Peck could still do three jobs: cashier, ticket seller, and mail clerk. Based on that testimony, the judge found that Peck was not disabled until the summer of 2018. Because he "accurately convey[ed] to the vocational expert all of [Peck's] *credibly established limitations*," the judge properly relied on the expert's response. *Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005) (emphasis in original).

The expert also testified, however, that Peck could not do any of those jobs if he needed to use a cane or elevate his leg. But a judge need not follow testimony based on limitations that have not been established. *See Jones v. Barnhart*, 364 F.3d 501, 506 (3d Cir. 2004) (explaining that when "the hypothetical [is] inconsistent with the evidence in the record, the ALJ [has] the authority to disregard the response"). Here, the judge had properly rejected both limitations, so he did not have to heed opinions based on those hypotheticals.

\* \* \* \* \*

The administrative law judge's factual findings rested on substantial evidence. So we must affirm.

5